143 So. 332

### BOYD v. HENDRICKSON (FARMERS' BANK & TRUST CO., Intervener).

No. 31685.

July 20, 1932.

Seals & Atkins, of Homer, and Walker Smith, for plaintiff.

Wm. F. M. Meadors, of Homer, and Wade Kitchens, of Magnolia, Ark., for intervener.

LAND, J.

All of the parties to this suit are residents of Columbia county, Ark.

Plaintiff sold defendant one-fifth interest in the Claiborne Ice & Cold Storage Company, a partnership domiciled and doing business at Homer, La., and, in payment for this interest, took defendant's note for $6,000, of date June 20, 1927, payable to plaintiff's order, and due one year after date, with interest at the rate of 6 per cent. per annum from date until paid.

In the present suit, plaintiff seeks to recover on the note for $6,000, less certain credits, with interest, and has attached defendant's one-fifth interest in the Claiborne Ice & Cold Storage Company, Homer, La., on the ground that defendant is a nonresident.

Defendant answered plaintiff's suit through a curator ad hoc, and denied all of the allegations in plaintiff's petition except the allegation as to defendant's place of residence in Columbia county, Ark., which was admitted.

On May 8, 1930, defendant executed to the order of the Farmers' Bank & Trust Company a note for $6,100, due six months aft-

er date, with interest at 8 per cent. per annum from date until paid.

This note was secured in part by a common-law deed of trust on defendant's undivided one-fifth interest in and to the Claiborne Ice & Cold Storage Company, Homer, La., and in and to all property, real and personal, movable or immovable, tangible or intangible, of that partnership.

The Farmers' Bank & Trust Company intervened in the case, claiming that the deed of trust in question was a chattel mortgage, which it held on defendant's undivided one-fifth interest in the ice and cold storage plant above named, and which had been duly recorded in the chattel mortgage records of Claiborne parish, La., prior to the institution of this suit, and, for these reasons, that intervener had a lien and privilege superior in rank to the lien and privilege herein acquired by plaintiff as attaching creditor, and should be paid, by preference and priority over plaintiff and all other creditors of defendant, from the proceeds derived from the sale of the property seized.

Judgment in rem was rendered in favor of plaintiff for the amount sued for with interest; the writ of attachment herein issued was sustained, with recognition of plaintiff's lien and privilege on defendant's one-fifth interest in the partnership known as the Claiborne Ice & Cold Storage Company; and the demands of intervener, the Farmers' Bank & Trust Company, were rejected at its costs.

From this judgment, intervener has appealed.

The contention of W. A. Boyd, plaintiff, defendant in intervention, is, among other things, that, if the document relied upon by intervener is a chattel mortgage and, if it describes the property sufficiently to be identified, yet the property mortgaged is an incorporeal right or thing, and is not susceptible of being mortgaged under the Chattel Mortgage Act of this state.

The "deed of trust" filed in evidence by intervener, over the protest of plaintiff, defendant in intervention, reads in part as follows:

"The said J. G. Hendrickson, party of the first part, doth hereby bargain, grant, sell and convey to said Clyde B. Kitchens, as Trustee, and unto his heirs and assigns forever, the following land and personal property, situated in the Parish of Claiborne and State of Louisiana, to-wit:

"An undivided one-fifth interest in and to the Claiborne Ice & Cold Storage Company and in and to all the property, both real and personal, movable or immovable, tangible or intangible, of the Claiborne Ice and Cold Storage Company located at Homer in Claiborne Parish, Louisiana, the same now being in the possession of the party of the first part."

Intervener alleges that the one-fifth interest of defendant in the partnership known as the Claiborne Ice & Cold Storage Company, of Homer. La., was attached by plaintiff in the present suit. Intervener, Pet. art. 9.

As this identical one-fifth interest of defendant in this partnership is covered by the "deed of trust" on which intervener relies as a chattel mortgage, the question arises: "Can an interest in a partnership be mortgaged under the Chattel Mortgage Act of our State?"

Section 1 of Act No. 198 of 1918 reads as follows:

"Be it enacted by the General Assembly of the State of Louisiana that from and after the passage of this Act it shall be lawful to mortgage lumber, logs, staves, crossties, bricks, live stock, all kinds of vehicles and the equipment, accessories and parts thereunto belonging, all kinds of machinery, oil well casing, line pipes, drilling rigs, tanks, tank cars, iron and steel safes, adding machines, cash registers, musical instruments, store fixtures and shelving, buildings on leased ground, farming implements, tractors, clips, barges, dry docks or any kind of water crafts or materials to be used in the construction thereof and all other movable property not specifically named herein, for debts or for money loaned or to secure future advances, or to guarantee the performance of any other contractual obligations, by complying with the provisions of this Act."

All of the specific objects named in the main body of section 1 of the act are physical things, capable of being moved, seen, handled, or transported and, in our opinion, the addendum clause, "and all other movable property not specifically named herein" (section 1), includes only physical things, as distinguished from incorporeal rights or things, such as an interest in a partnership.

Clearly, the rule of ejusdem generis is applicable in the interpretation of this section of the act.

We quote from 3 Words and Phrases, First Series, page 2328, as follows:

" 'Ejusdem generis' means of the same kind or species. The words are used to designate a rule of construction that: 'When an author makes use, first, of terms, each evidently confined and limited to a particular class of a known species of things, and then, after such specific enumeration, subjoins a term of very extensive signification, this term, however general and comprehensive in its possible import, yet, when thus used, embraces only things "ejusdem generis" '—that is, of the same kind or species—with those comprehended by the preceding limited and confined terms. Ex parte Leland (S. C.) 1 Nott & McC. 460, 462.

"The doctrine of 'ejusdem generis' is that, where an enumeration of specific things is followed by some more general word or phrase, such general word or phrase is to be held to refer to things of the same kind. Spalding v. People, 172 Ill. 40, 49, 49 N. E. 993, 995."

See, also, Ex parte Lingenfelter, 64 Tex. Cr. R. 30, 142 S. W. 555, 569, Ann. Cas. 1914C, 765; Cutshaw v. City of Denver, 19 Colo. App. 341, 75 P. 22, 25; Gates & Son Co. v. City of Richmond, 103 Va. 702, 49 S. E. 965, 966.

Under the authority of the decisions above cited, the addendum clause of section 1 of the Chattel Mortgage Act, "and all other movable property not specifically named herein," embraces only things ejusdem generis, or of the same physical kind that is described in specific terms in the main body of the section, and does not include incorporeal rights or things.

Judgment affirmed.