JOHNSON, Judge.
The plaintiff, Gulf South Enterprises, Inc., sued defendant, Delta Materials Operating Company, Inc., on its promissory note dated August 20, 1957 for $30,000, payable to bearer. The note was endorsed by William A. Nichols, Jr., individually. The note also bears an endorsement signed by Ed. H. Litolff, attorney-in-fact for the Summit Fidelity & Surety Company “guaranteeing payment of this obligation as an accommodation endorser.” The said Nichols, Litolff and the Surety Company are made defendants.
Defendant, Wm. A. Nichols, Jr., in this proceeding filed a third party petition against the Summit Fidelity & Surety Company and Ed. H. Litolff asking for judgment over and against said third party defendants for whatever amount the plaintiff herein may recover against said Nichols. The Summit Fidelity & Surety Company filed a third party petition against Ed. H. Litolff, asking for judgment over and against him for whatever amount the plaintiff may recover against said surety company. The trial court rendered judgment in favor of plaintiff against Delta Materials Operating Company, Inc., and Wm. A.' Nichols, Jr., for the full amount with interest, attorney’s fees and costs and dismissing the suit as against the other defendants. There was further judgment in favor of the Summit Fidelity & Surety Company and Ed. H. Litolff dismissing the third party petition filed by Wm. A. Nichols, Jr., and further judgment in favor of Ed. H. Litolff dismissing the third party petition filed by the Summit Fidelity & Surety Company against him. The plaintiff appealed only in so far as the judgment relates to the denial of plaintiff’s claims against the Summit Fidelity & Surety Company and Ed. H. Litolff.
This suit, bearing docket #357-684 of the Civil District Court and the action in that court bearing docket #357-771, by George P. Dorsey as plaintiff against the same defendants (except Nichols) were consolidated in the trial court and in this court on the appeals. 137 So.2d 430. After trial the district judge gave written reasons for the judgments. We take the liberty to adopt the following comments of the district judge as reciting accurately the principal facts and applicable law, to-wit:
“The evidence clearly shows that Summit, an Ohio corporation, qualified to do business in Louisiana, was incorporated to execute fidelity, appearance, recognizance, and contracts of indemnity. Litolff was appointed in 1956 as its attorney-in-fact to represent it in Orleans and two adjoining parishes, under written power of attorney specifically empowering him ‘to make, execute, seal and deliver for and on its behalf, and as its act and deed, bonds and undertakings, recog-nisances, contracts of indemnity, and other writings obligatory in the nature thereof, up to the sum of $50,000.00 In pursuance of this power of attorney, which was exhibited to both plaintiffs, and without question, they accepted from Litolff an endorsement on the reverse of the promissory note as follows :
“ ‘The Summit Fidelity and Surety Company guaranteeing payment of this obligation as accommodation endorser, appearing through Ed. H. Litolff by virtue of the Power of Attorney annexed hereto, dated April 1st, 1956, bearing Ctf. No. 748 B, signed by Ed. H. Litolff, Attorney-in-fact.’
“The uncontradicted evidence is that a premium of $1600.00 was paid Litolff *429 for the endorsement of this promissory note, but none of which was paid to the Summit, nor did Summit have knowledge of the endorsement of this promissory note, and in no manner acquiesced in it, either expressly or impliedly.
“The Louisiana Negotiable Instruments Law, [LSA-] La.R.S. 7:21 provides :
“ ‘A signature by “procuration” operates as notice that the agent has but limited authority to sign, and the principal is bound only in case the agent, in so signing, acted within the actual limits of his authority.’
“The authorities cited under this section are uniformly clear that such authority is stricti juris and will not be extended by implication.
“Article 2997, [LSA-] Revised Civil Code of Louisiana provides:
“ ‘That the power “to draw or endorse bills of exchange or promissory notes” must be express and special.’
“Litolff was appointed agent by Summit in 1956 to execute primarily bail bonds, in criminal cases, with authority open to execute other bonds pertaining to judicial proceedings, or what the witnesses refer to as ‘court bonds’. During the entire time that Litolff acted for Summit, he executed only criminal bail bonds. In August of 1957, Litolff became interested in Delta and was appointed and acted as its Secretary-Treasurer. Delta was in financial straights and sought the services of Nichols for the purpose of raising operating capital. Nichols contacted Mr. Green of Gulf South Enterprises, Inc., in New Iberia, and arranged to make a loan for Delta in the sum of $25,000.00. Litolff was introduced to Green as representative of Summit, who was to endorse the note for the purpose of guaranteeing payment in the event Delta defaulted.
“It is clear from the power of attorney exhibited to the plaintiffs by Litolff that it refers to bonds and undertakings, recognizances, contracts of indemnity and writings in the nature thereof, that is the nature of bonds, undertakings, recognizances and contracts of indemnity. A promissory note is none of these; and the power shows on its face that Litolff was not authorized to represent the company in the endorsement of a promissory note. There is quite a distinction between recognizances, bonds and similar undertakings, contracts of indemnity, and promissory notes, since the liability of the former is contingent upon the happening of a future event. The endorsement of a promissory note binds the endorser absolutely in solido with the principal maker.
“In view of the fact that the authority is in writing, and contains no express authority for Litolff to bind Summit, either as maker or endorser of promissory notes, that Summit cannot be held liable. If Summit had received the premium and had knowledge of the execution of the promissory notes or their endorsement, such acceptance of the premium would have been a ratification. But there is no evidence that Summit received the premium or otherwise had any knowledge of it. To the contrary, Litolff stated that none of the premium was paid to Summit.
“With reference to the liability of Litolff, since he exhibited his power which was clear, is not charged with any act of fraud or concealment, and since he did not personally endorse the note, he can have no liability except for the return of the premium he received from the plaintiffs for the endorsement of the promissory notes.
“There is some dispute as to whether or not the plaintiffs had knowledge that Litolff was interested in Delta. Litolff testified that a financial statement was *430 furnished to plaintiffs bearing his signature as secretary-treasurer of Delta. Nichols testified that the financial statement did not bear any signature; but an indemnity agreement insuring Nichols against loss as an endorser of the note, is signed by Litolff both as agent for Summit and as Secretary-Treasurer of Delta. On this evidence, both Nichols and plaintiff knew, at the time the note was executed, that Litolff was an executive officer of Delta.”
 The evidence is that the only type of obligations which he as such agent had theretofore written for Summit was bail bonds in criminal cases. The provision of Summit’s by-laws as to the limit of his authority was recited in his power of attorney and emphasized by underscoring by the trial judge in the reasons for judgment quoted above. It is therefore entirely clear from his power-of-attorney exhibited by Litolff that he is restricted to bail bonds in criminal cases. “Bonds and undertakings, recognizances, contracts of indemnity,” all relate to the same type obligation — bonds and recognizances in judicial proceedings. The language which follows immediately, “and other writings obligatory in the nature thereof,” must be held within the same generic terms describing the nature of the obligation to be written. It is a well recognized principle of law that general language used in connection with recited specific powers be construed and confined within the limitations of the specific powers named. Lanahan v. Clark Car Co., 3 Cir., 11 F.2d 820; Grosjean v. American Paint Works, La.App., 160 So. 449; Boyd v. Hendrickson, 175 La. 377, 143 So. 332.
There can be no question that Litolff and Nichols both knew that Litolff had no authority as agent for his principal to endorse negotiable instruments. While Litolff exhibited his power of attorney, showing clearly these limitations, he was actually a stranger to plaintiff’s officials. Yet, they took his word that he customarily endorsed notes for Summit. In addition to that, his certificate or power of attorney was “doctored” by the addition of words and figures which completely invalidated the writing in the face of the printed warning in bold red type that if altered the power would be void.
The judgment on appeal is affirmed, the costs to be paid by plaintiff-appellant.
Affirmed.