SAMUEL, Judge.
This is a suit for a divorce in forma pauperis. The trial court signed the usual order permitting plaintiff to prosecute her action without paying court costs in advance or as they accrue and without furnishing security therefor.[1] Alleging she does not know the whereabouts of the defendant but believes he may be residing in *803 or near Hazelhurst, Mississippi, plaintiff then requested the appointment of an attorney at law to represent the defendant under the provisions of LSA-C.C.P. Art. 5091 et seq. Upon being informed plaintiff would pay nothing to the attorney so appointed,[2] the trial court refused to sign the requested order.
Following that refusal plaintiff applied to this court for a writ of mandamus commanding the trial judge to make the appointment. We granted the application and issued an alternative writ. That is the matter now before us. The Jefferson Bar Association, through its president, has appeared on behalf of the trial court.
Plaintiff relies entirely on Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113, contending the holding in that case requires appointment of an attorney as requested, without any payment of costs, fees or expenses of any kind on plaintiff’s part.
Boddie was a class action on behalf of indigent Connecticut women who sought a judgment declaring unconstitutional a Connecticut statute requiring payment by them of court fees and costs for service of process prior to the commencement of divorce litigation. The decision, which holds the statute unconstitutional insofar as it does not permit divorce actions without prior payment of court fees and service of process costs, is based on the majority conclusion that the Due Process Clause of the Fourteenth Amendment prohibits a state from denying access to its courts to indigents who seek dissolution of their marriages in good faith solely because of the inability of those indigents to pay such fees and costs.
Boddie is not controlling here. First, it did not involve the only issue in this case, the appointment of an attorney to represent a defendant without payment of that attorney’s fee and without payment of any expense incurred by him in the course of his representation of the defendant. Here the plaintiff already has received all of the benefits ultimately acquired by the Boddie plaintiffs, the right to proceed without paying the usual court costs. Second, not only did Boddie involve only a waiver of advance payment of court fees and service of process costs, the defendants in that case were the individuals responsible for Connecticut’s implementation of the attacked policy and thus, according to the opinion of the three-judge court and, apparently, that of the Supreme Court, the ones who had the authority to waive the requirement of such advance payment.[3] Here the action is simply a suit for divorce, the sole defendant is absent, and the only respondent in this writ is the trial judge.
The attorney at law appointed by the court to represent a defendant who is a nonresident or an absentee has the duty to “ . . . use reasonable diligence to communicate with the defendant and inform him of the pendency and nature of the action or proceeding, and of the time available for the filing of an answer or the assertion of a defense otherwise.” and “. . . use reasonable diligence to inquire of the defendant, and to determine from other available sources, what defense, if any, the defendant may have, and what evidence is available in support thereof.” [4] A willful violation of these duties subjects the appointed attorney “ . . . to punishment for contempt of court, and such *804 further disciplinary action as is provided by law.’’[5]
Because he must diligently attempt to locate the defendant and communicate with him, as well as seek other sources of information, it is obvious the duties required of an attorney appointed to represent a nonresident or absent defendant necessarily include the incurring of some expense on the part of such an attorney. The expense so incurred may include mailing, long distance telephone charges, newspaper publications, travel, etc. Such expense could be comparatively small or comparatively large; but the incurring of an expense in some amount is a certainty.
LSA-C.C.P. Art. 5185 sets out the rights of a party who is permitted to litigate without payment of costs.[6] The article states such a party is entitled to all services required by law of a sheriff, clerk of court, etc, “ . . .or other public officer . . . ” However, assuming but not deciding (because here it is unnecessary to decide) that “other public officer” as used in the article includes attorneys at law, we note the last sentence of the article also states “No public officer is required to make any cash outlay to perform any duty imposed on him under any article in this Chapter.” (Emphasis ours).
The judge, of course, has no authority to change the statutory law which requires appointment of an attorney at law to represent a nonresident or absentee defendant who has not been served with process and who has made no general appearance.[7] Nor do we know of any authority which would enable him to change the clear provision contained in the last sentence of LSA-C.C.P. Art. 5185. He cannot compel payment of any cash outlay, regardless of size, by an attorney appointed to represent a nonresident or absent defendant in an in forma pauperis or other action and he cannot effectively require that such payment be made from any other source. Thus, if he issued the order requested by relator, he could not enforce that order; the appointed attorney properly could refuse to act without being guilty of contempt and without being subjected to any other disciplinary action.
As the only issue before us is whether we will require the sole respondent, the trial judge, to issue the requested order of appointment, and as we will not compel the trial judge to issue an order he cannot enforce, we hold his refusal to sign the order was proper.
For the reasons assigned, it is ordered that the alternative writ of mandamus herein issued be recalled, set aside and annulled, and that the relator’s demand be rejected.
Writ recalled and relator’s demand rejected.
*805 LEMMON, J., dissents with written reasons.

. LSA-C.C.P. Arts. 5181 et seq.

. The trial court was concerned mainly with the attorney’s fee but it is clear plaintiff seeks the appointment without payment of either a fee or such expense as may be incurred by the appointed attorney.

. As shown by the three-judge court decision, D.C., 286 F.Supp. 968, those defendants were the clerk of the Connecticut trial court, the judge of that court, and the Court Administrator of the Supreme Court of Connecticut. The State of Connecticut, originally a named defendant, was conceded by the plaintiffs to be not a proper party and therefore dismissed.

. LSA-C.C.P. Arts. 5094 and 5095.

. LSA-C.C.P. Art. 5098.

. LSA-C.C.P. Art. 5185 reads :
“When an order of court permits a party to litigate without the payment of costs, until this order is rescinded, he is entitled to:
(1)All services required by law of a sheriff, clerk of court, court reporter, notary, or other public officer in, or in connection with, the judicial proceeding, including but not limited to the filing of pleadings and. exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal;
(2) The right to a trial by jury, and to the services of jurors, when allowed by law and applied for timely; and
(3) The right to a devolutive appeal, and to apply for supervisory writs.
He is not entitled to a suspensive appeal, or to an order or judgment, required by law to be conditioned on his furnishing security other than for costs, unless he furnished the necessary security therefor.
No public officer is required to make any cash outlay to perform any duty imposed on him under any article in this Chapter.” LSA-C.C.P. Art. 5185.

.LSA-C.C.P. Art. 5091.