297 So.2d 198 (1974)
Madie BRADLEY, wife of Emanual JONES
v.
Emanual JONES.
No. 53657.
Supreme Court of Louisiana.
June 10, 1974.
Rehearing Denied July 1, 1974.
Concurring Opinion July 2, 1974.
William L. Brockman, Student Practitioner, Arthur A. Lemann, III, Loyola Law School Clinic, New Orleans, for plaintiff-applicant.
Philippi P. St. Pee', Metairie, Jefferson Bar Assn. President Francipane, Regan & St. Pee', Metairie, for amicus curiae.
BARHAM, Justice.
This suit began as an action for divorce in forma pauperis. The petition for divorce prayed for appointment of an attorney to represent the defendant, alleged to be a non-resident believed to be residing in Hazelhurst, Mississippi. Upon learning that the relator, Madie Bradley Jones, could pay neither the fee nor the expenses of an appointed attorney, the district court refused to sign the necessary order for appointment of an attorney to represent the absent defendant. An application for supervisory writs to the Fourth Circuit was granted on November 21, 1972 but, subsequent to argument in the Court of Appeal, the writ was recalled and the action of the trial court in refusing to order the appointment was affirmed. 276 So.2d 802 (La. App. 4th Cir. 1973). We granted writs to review the Court of Appeal's determination. 281 So.2d 735 (La.1973).
The issue for our determination is two-fold: (1) Do the laws of the State of Louisiana grant relator, an indigent plaintiff in a divorce action against an absent defendant, the right to a determination of the merits of her suit by assuring the requisite notice and service of process through appointment of an attorney without requiring relator to compensate him for services and expenses, and (2) If the laws do not grant relator this right, do these laws which result in denial violate due process and equal protection under the Fourteenth *199 Amendment to the United States Constitution?
The statutory laws determinative of the issues requiring resolution are as follows:
Code of Civil Procedure Article 5181:[1]
"An individual who is unable to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance, or as they accrue, or furnishing security therefor." (Emphasis here and elsewhere supplied).
Code of Civil Procedure Article 5091, in pertinent part, provides:
"The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is:
(a) a nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has made no general appearance; * * *
"All proceedings against such a defendant shall be conducted contradictorily against the attorney at law appointed by the court to represent him."
Code of Civil Procedure Article 5096, in pertinent part, provides:
"The court shall allow the attorney at law appointed to represent a defendant a reasonable fee for his services, which shall be paid by the plaintiff, but shall be taxed as costs of court."

Code of Civil Procedure Article 1201, in pertinent part, provides:
"Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null."
Code of Civil Procedure Article 5185 provides:
"When an order of court permits a party to litigate without the payment of costs, until this order is rescinded, he is entitled to:
(1) All services required by law of a sheriff, clerk of court, court reporter, notary, or other public officer in, or in connection with, the judicial proceeding including but not limited to the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal;
(2) The right to the compulsory attendance of witnesses for the purpose of testifying, either in court or by deposition, without the payment of the fees, mileage, and other expenses allowed these witnesses by law;
(3) The right to a trial by jury and to the services of jurors, when allowed by law and applied for timely; and
(4) The right to a devolutive appeal, and to apply for supervisory writs.
"He is not entitled to a suspensive appeal, or to an order or judgment required by law to be conditioned on his furnishing security other than for costs, unless he furnishes the necessary security therefor.
"No public officer is required to make any cash outlay to perform any duty imposed on him under any article in this Chapter."
*200 The United States Supreme Court's decision in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) held that, "* * * given the basic position of the marriage relationship in this society's hierarchy of values and the concomitant state monopolization of the means for legally dissolving this relationship, due process does prohibit a State from denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages."
The statutory scheme at issue in Boddie was the State's requirement that a litigant's right to access to the courts in matters concerning the dissolution of marriage be conditioned on the payment of court fees and costs for service of process. The issue, however, was not simply the right to file a divorce action without payment of these court fees, but the right to obtain court relief. See Boddie v. Connecticut, supra, at p. 374, 91 S.Ct. 780. The Boddie court found that these statutory requirements for payment of court fees were an "exclusive precondition to the adjustment of a fundamental human relationship" and that the imposition of these requirements on indigent litigants as a prerequisite to obtaining court relief was a denial of due process.
Our statutory scheme provides a manner by which a person with adequate means may obtain a divorce when the defendant is an absentee or non-resident (C.C.P. Arts. 5091 and 5096), and provides a method whereby an indigent plaintiff may obtain without cost a divorce when the defendant's whereabouts are known and he is within the jurisdiction of the court (C.C.P. Art. 5185). However, C.C.P. Art. 5096's requirement of payment of attorney's fees by the plaintiff, as interpreted and applied by the courts below, effectively deprives an indigent plaintiff proceeding against an absent defendant in a divorce action due process and equal protection of the laws.
It is the opinion of this Court that the legislature's action in amending C.C.P. Art. 5181 in 1972 to include the right to litigate separation and divorce cases in forma pauperis evidences a clear intent to fully conform to the requirements set forth in the Boddie decision. Nevertheless, there exists a hiatus in our statutory law evidenced by a neglect to provide an indigent plaintiff the right to service of process without cost when the defendant proceeded against is outside the jurisdiction of our courts. We cannot, consistent with due process, approve the application of C.C.P. Art. 5096, as interpreted by the lower courts, to this relator when the result would be to deprive her of her due process right to a judicial determination of the merits of her case.
Under the circumstances, we are constrained to hold Code of Civil Procedure Article 5096 inapplicable in this case because, if applied to this relator, it would abridge her due process right to judicial determination of the merits of her case and of the equal protection of the laws.
No alternative method for satisfying federal constitutional due process notice requirements is provided by our law. The only statutory method for affording an absent defendant his due process right to notice and opportunity to be heard is by the appointment of an attorney for service of process who, in turn, is statutorily obliged to attempt to communicate with the defendant and urge all available defenses to the action. Although other less costly procedures, which do not involve the professional services of an attorney and which do meet minimum constitutional requirements of notice, are employed by other jurisdictions,[2] Louisiana has chosen a procedure *201 embodying higher and, we think, more satisfactory standards for effecting service on an absent defendant and safeguarding his rights. Relator is entitled to invoke this procedure.
It is the opinion of the Court that the decisions of the Court of Appeal for the Second Circuit in Bolden v. City of Shreveport, 278 So.2d 138 (1973) and Jones v. Anderson, 277 So.2d 697 (1973) (writs denied by this Court in both cases), though dealing with a different aspect of proceedings in forma pauperis, demonstrate proper handling of the related issues involved therein and, by analogy, parallel the result we reach here. Both of the cited cases dealt with motions by public official defendants to have indigent plaintiffs furnish bonds, pursuant to R.S. 42:261(D), to cover defendants' attorney's fees in the event that plaintiffs were unsuccessful in their actions. R.S. 42:261(D), in pertinent part, provides:
"* * * The defendant public official shall have the right by rule to require the plaintiff to furnish bond, as in the case of bond for costs, to cover such attorneys' fees before proceeding with the trial of said cause."
The Jones decision points out that the statute governing bond for costs, R.S. 13:4522, notes its inapplicability to pauper cases, and concludes that the R.S. 42:261(D) bond is, therefore, likewise inapplicable.
In the case sub judice, the applicable C. C.P. Art. 5096 provides that fees due attorneys appointed by the court to represent absent defendants are to be "taxed as costs of court." Since C.C.P. Art. 5181 exempts the indigent plaintiff from the payment of costs of court, we have no difficulty, consistent with the application of Boddie principles, in making an analogy, similar to that made in Jones, in the case at hand. Since indigents are exempt from prepaying costs of court and from paying these costs as they accrue, and since the attorney's fees under C.C.P. 5096 are characterized as costs of court at least for "taxing" purposes, we hold that payment of the attorney's fees may not be made a condition precedent to the attorney's appointment by the court in forma pauperis proceedings.
An attorney's free representation of a client is a well established feature of our system of justice in certain classes of cases, i. e., criminal cases involving indigent defendants. Just as members of the profession are called upon to represent clients without payment of a fee, so are lawyers appointed by the court to represent the interests of absent defendants, non-residents, incompetents and minors where, often, more than adequate fees are paid. Unrecompensed service to indigent clients is considered a responsibility of attorneys who are privileged to practice law. Funds have been established for the payment of attorneys who represent indigent criminal defendants in many areas; similar provisions can be made to cover this situation.
Insofar as the out-of-pocket expenses of appointed attorneys are concerned, we believe that these expenses are minimal and that the instances when this situation will arise are negligible. Provisions for reimbursement of out-of-pocket expenses could easily be included in any fund established to provide fees for the appointed attorney. It is not our function or duty to fund attorneys for absentees in suits in forma pauperis. It is our obligation to afford equal protection and due process to litigants, including the indigent. Our present construction of the applicable law makes it constitutional in application.
For the reasons stated hereinabove, we reverse the judgments of the lower courts and remand the cause to the trial court for the appointment of an attorney to represent the named absent defendant in this suit and for subsequent proceedings in accordance with law.
SANDERS, C. J., dissents with written reasons.
MARCUS, J., dissents with written reasons.
*202 SANDERS, Chief Justice (dissenting).
As I construe the majority opinion, it holds the Articles of the Louisiana Code of Civil Procedure, allowing an attorney to be reimbursed for his services and out-of-pocket expenses in an indigent's divorce action, to be unconstitutional. The holding is couched in esoteric language, that Article 5096 is "inapplicable," because it would deprive plaintiff of due process and equal protection of the law. The holding, of course, means that attorneys must furnish without reimbursement not only legal representation but also the costs of searching for the defendant, such as those incurred in the customary newspaper advertisement. I disagree with the holding.
Under Louisiana law, plaintiff is entitled to prosecute her divorce action in forma pauperis, without the payment of advance court costs. See LSA-C.C.P. Art. 5181.
In defining the scope of that right, Article 5185 of the Louisiana Code of Civil Procedure provides:
"When an order of court permits a party to litigate without the payment of costs, until this order is rescinded, he is entitled to:
"(1) All services required by law-of a sheriff, clerk of court, court reporter, notary, or other public officer in, or in connection with, the judicial proceeding including but not limited to the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal;

"(2) The right to the compulsory attendance of witnesses for the purpose of testifying, either in court or by deposition, without the payment of the fees, mileage, and other expenses allowed these witnesses by law;
"(3) The right to a trial by jury and to the services of jurors, when allowed by law and applied for timely; and
"(4) The right to a devolutive appeal, and to apply for supervisory writs.
"He is not entitled to a suspensive appeal, or to an order or judgment required by law to be conditioned on his furnishing security other than for costs, unless he furnishes the necessary security therefor.

"No public officer is required to make any cash outlay to perform any duty imposed on him under any article in this Chapter." (Italics mine).
The initial question, therefore, is statutory, whether or not under the above article plaintiff is entitled to the services of an attorney at law appointed pursuant to Article 5091 of the Louisiana Code of Civil Procedure.
The services of an attorney to represent an absent defendant are not listed in the code article. Plaintiff, however, contends that an attorney is a public officer and that his legal services are granted without cost under paragraph (1). I think not.
The article reads as follows: "All services required by law of a sheriff, clerk of court, court reporter, notary, or other public officer ..." Under the doctrine of ejusdem generis, the enumeration of specific officers gives color to the general term, "other public officer." The term includes only officials falling in the same general class as those enumerated. See Holloway Gravel Co. v. McKowen, 200 La. 917, 9 So.2d 228 (1942); Boyd v. Hendrickson, 175 La. 377, 143 So. 332 (1932).
The officials listed are those holding elective or appointive governmental positions providing services in connection with judicial proceedings. An attorney at law, engaged in private practice, is not such an official. Hence, I conclude that he is not a public officer within the meaning of the article.
*203 Assuming arguendo, however, that an attorney is a public officer, the article clearly provides that he is required to make no cash outlay to perform any duty imposed upon him. Since the duty of attempting to locate an absent defendant entails a cash outlay for a search and mailing, it is clear that a litigant may not under the article require these services without reimbursement of the attorney.
Having determined that the pertinent statute governing litigation in forma pauperis does not authorize the services provided for the defendant by an attorney at law under Articles 5091 et seq. of the Louisiana Code of Civil Procedure, the question remains whether or not there is an overriding constitutional principle that invalidates the statute or mandates such legal services.
Under well-recognized principles of constitutional law, the constitutionality of a statute is presumed. The burden is upon the party who attacks it to clearly demonstrate its unconstitutionality. Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (1971); State v. Rones, 223 La. 839, 67 So.2d 99 (1953); Union Sulphur Co. v. Parish of Calcasieu, 153 La. 857, 96 So. 787 (1923); 16 Am.Jur.2d, Constitutional Law, § 137, p. 336.
The plaintiff relies upon the decision of the United States Supreme Court in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). In that case, several welfare recipients brought a class action challenging the Connecticut law requiring the advance payment of a fee for service of process and court costs for the commencement of a divorce action. The United States Supreme Court, in declaring the statute unconstitutional held:
"Our conclusion is that, given the basic position of the marriage relationship in this society's hierarchy of values and the concomitant state monopolization of the means for legally dissolving this relationship, due process does prohibit a State from denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages."
The Court added:
"We do not decide that access for all individuals to the courts is a right that is, in all circumstances, guaranteed by the Due Process Clause of the Fourteenth Amendment so that its exercise may not be placed beyond the reach of any individual, for, as we have already noted, in the case before us this right is the exclusive precondition to the adjustment of a fundamental human relationship."
Louisiana opens the doors of its courts to all indigent litigants, including those seeking a divorce. See LSA-C.C.P. Art. 5181. No pre-payment of court costs is required for the filing of suit. In fact, plaintiff's petition in the present case was duly filed in the trial court without the payment of the usual advance court costs. The question in the present case is whether the constitutional principle announced in Boddie v. Connecticut requires the services of an attorney at law as set forth in our statutes.
The duties of the attorney at law so appointed are to receive service of the petition for divorce (LSA-C.C.P. Art. 5091); to use reasonable diligence to ascertain the defendant's whereabouts and advise him concerning the nature of the proceeding and his right to contest it (LSA-C.C.P. Art. 5094); to use reasonable diligence to inquire of the defendant about his defenses or determine these from other sources and assert them as if he had been retained as counsel for the defendant (LSA-C.C.P. Art. 5095).
The purpose of these provisions is to protect the rights of the defendant, reduce the incidence of collusive and groundless divorces, and to preserve marriages. Society, as a whole, has an interest in the stability of marriage, as well as the integrity of the judicial process. These are compelling state interests.
*204 From the brief summary of the attorney's duties, it can be seen that they are twofold. The first responsibility is the receipt of service of the petition. The receipt of service requires no expenditure of funds or professional effort.
The second responsibility is the active representation of the defendant, including communicating with him, providing legal advice, and asserting his defenses. This representation requires a varying investment of both money and legal services.
Within the present statutory and constitutional structure, the competing interests of the indigent plaintiffs, the public, and the legal profession can best be served by recognizing the dual nature of the attorney's responsibility.
The constitutional principle announced in Boddie v. Connecticut, in our opinion, requires service of process without cost. One of the cost items actually presented in the cited decision was a fee for service of process. Hence, upon plaintiff's petition, an attorney at law must be appointed to receive service, for that is one method of service now provided by statute. The appointment of an attorney, however, is not an "exclusive precondition" of divorce. As an alternate, the plaintiff may have her own attorney locate the defendant for service or acceptance of service.
It does not follow, however, that plaintiff is entitled to legal services for the defendant without the payment of the fee and expenses. I find nothing in the narrow holding of Boddie v. Connecticut to mandate free legal services for an indigent party in a divorce action.
It is true that the Sixth Amendment to the United States Constitution requires that legal counsel be provided for indigent defendants in criminal prosecutions. See Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963); Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The Sixth Amendment however, applies only to criminal prosecutions. The requirement has never been extended to civil cases.
In Wilson v. Wilson, 218 Pa.Super. 344, 280 A.2d 665 (1971), the Pennsylvania court declined to extend the holding of Boddie v. Connecticut to investigative and legal services in a divorce action. We likewise know of no constitutional doctrine warranting such an extension. See Ortwein v. Schwab, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973); United States v. Kras, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973).
As I view them, legal services for a litigant in a civil case are not so deeply rooted in the traditions of our society as to be implicit in the concept of ordered liberty. Hence, they are not so fundamental as to be mandated by the Due Process Clause of the United States Constitution. See Boddie v. Connecticut, supra; Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183, 25 A.L.R. 2d 1396 (1952); Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937). Nor do they fall under the safeguard of any other constitutional provision.
I conclude, as did the Court of Appeal, that plaintiff is entitled to neither cash outlay nor legal services by the appointed attorney without reimbursement.[1] Hence, an attorney appointed to represent a defendant in a divorce action brought by an indigent plaintiff is entitled to advance security for his fee and expenses as now provided in Article 5096 of the Louisiana Code of Civil Procedure.[2]
*205 For the reasons assigned, I respectfully dissent.
MARCUS, Justice (dissenting).
I do not consider Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) controlling here. It is my belief that Boddie never intended to extend to the indigent litigant the right to have an attorney appointed to represent an absentee or non-resident defendant without payment for his services and expenses. We must bear in mind that this is a civil matter. In attempting to protect the due process and equal protection rights of the indigent plaintiff, the majority fails to consider the constitutional rights of the attorney.
I respectfully dissent.
SUMMERS, Justice (concurring in the refusal to grant a rehearing).
I refused to agree to grant a rehearing with the distinct understanding that the holding in this case is limited to the narrow issue involved. I do not agree that this holding has the effect of granting to an indigent in a civil case the entitlement to the free services of an attorney who can be appointed and compelled to represent the indigent plaintiff without compensation.
In my view the decision in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), has the effect of compelling states to furnish costs to indigents in divorce proceedings. And since our Article 5096 of the Code of Civil Procedure classifies the fee of attorneys appointed to represent an absent defendant as "costs of court" the State, or its political subdivision responsible for the functioning of the particular court involved, is obligated to the appointed attorney for the fee fixed by the judge authorized to do so.
NOTES
[1] Prior to its amendment in 1972, this article excluded actions for divorce and separation from bed and board from that class of actions which was authorized to be prosecuted or defended in forma pauperis. In 1972, according to the Official Revision Comment added in that year, the article was amended to include such actions to conform to the rule in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).
[2] In Mullane v. Central Hanover Tr. Co., 339 U.S. 306, 70 S.Ct. 652. 94 L.Ed. 865 (1950), the United State Supreme Court stated, with reference to this issue: "* * * Thus, it has been recognized that in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights. * * *"
[1] Pending possible legislative action, the trial court may, of course, reasonably reduce the search requirements in the interest of minimizing the costs. See Brown v. Brown, N.H., 296 A.2d 898 (1972).
[2] "The court shall allow the attorney at law appointed to represent a defendant a reasonable fee for his services, which shall be paid by the plaintiff, but shall be taxed as costs of court.

"The attorney so appointed may require the plaintiff to furnish security for the costs which may be paid by, and the reasonable fee to be allowed, the attorney...."
It can be argued, of course, that since plaintiff has already asserted that she cannot pay the fee and expenses, it would be futile to appoint an attorney at law. As I have observed, however, Boddie v. Connecticut requires the service of process, and under LSA-C.C.P. Art. 5096, the proper time to require security is after appointment of the attorney and service.