BARRY, Judge.
We grant this writ application to consider the application of the Louisiana Long Arm Statute, La.R.S. 13:3201, to obtain jurisdiction over a nonresident spouse in a divorce proceeding. The original application involved Lucius Warren and Jeanne McNair, who had filed petitions for divorce in for-ma pauperis against their spouses who are out-of-state defendants. In McNair a divorce had been granted and that writ is moot.
Mr. Warren argues that his divorce has been delayed and his constitutional rights violated by the required appointment of a curator ad hoc (whom he cannot pay) to represent his wife who is living in Wilmington, North Carolina. Mr. Warren filed a motion to replace the curator and to employ the Long Arm Statute, La.R.S. 13:3201, to serve his wife. The court denied the motion and Mr. Warren filed this application. New Orleans Legal Assistance Corporation filed an amicus curiae brief. The respondent, the absent defendant, represented by the Tulane Law Clinic court appointed curator ad hoc, declared no opposition to the relief sought.
The basis for jurisdiction over a person is in La.C.C.P. art. 6 or one of the statutes including the Long Arm Statute. La.C.C.P. art. 6 provides that jurisdiction must be based upon:
(1) The service of process on the defendant or on his agent for the service of process;
(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; ....
The Long Arm Statute, La.R.S. 13:3201, provides in pertinent part:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
[[Image here]]
(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
* sjc ⅜ * $ *
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.[1]
La.R.S. 13:3204 authorizes service by registered or certified mail or actual delivery by a person authorized to serve process under the law of the place where service is to be made on a defendant over whom personal jurisdiction was obtained pursuant to La.R.S. 13:3201.
The use of a state’s Long Arm Statute is justified if there are minimum contacts within the state to make it reasonable and just according to our traditional concepts of fair play and substantial justice. Burnham v. Superior Court of California, County of Marin, 495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990); International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); deReyes v. Marine Management and Consulting Ltd., 586 So.2d 103 (La.1991).
The Long Arm Statute is to be interpreted liberally in favor of finding jurisdiction. It is intended to extend personal jurisdiction over nonresidents to the full limits of due process under the Fourteenth Amendment. Clay v. Clay, 389 So.2d 31 (La.1979).
*866 Louisiana appellate courts have held that a district court which has personal jurisdiction in a divorce proceeding (and awards custody and child support) retains jurisdiction over a nonresident defendant if the award is modified. That defendant may be served pursuant to the Long Arm Statute. Holden v. Holden, 374 So.2d 749 (La.App. 3rd Cir.1979). Courts must consider the ancillary proceeding and the defendant’s contacts with the state of Louisiana. See also Imperial v. Hardy, 302 So.2d 5 (La.1974).
The Second Circuit has held that a court retains jurisdiction in order to enforce a community property settlement under the Long Arm Statute. Stevens v. Stevens, 476 So.2d 883 (La.App. 2d Cir.1985), writ denied, 478 So.2d 908 (La.1985). The Second Circuit has also held that a trial court’s jurisdiction continues to determine a plaintiff’s initial post-divorce alimony. La.R.S. 13:3201(f) (after 1984 amendment-Subsection A(6)) has been used when a rule for support is at issue and the defendant formerly resided in Louisiana. Stuckey v. Stuckey, 434 So.2d 513 (La.App.2d Cir.1983), writ denied, 440 So.2d 145 (La.1983).
This Court has held that a trial court could not invoke the Long Arm Statute to obtain personal jurisdiction over a husband when his former wife filed a rule for post-divorce alimony after the divorce (without a request for alimony) was rendered two years earlier. Hirsch v. Hirsch, 378 So.2d 539 (La.App. 4th Cir.1979).
There is also jurisprudence which holds that a valid judgment of alimony and/or child support requires personal jurisdiction over an absent defendant. Atkins v. Atkins, 588 So.2d 407 (La.App.2d Cir.1991).[2]
Traditionally, trial courts have appointed a curator ad hoc to receive service and represent an absentee defendant when a petition for divorce was filed. La.C.C.P. art. 5091 provides in pertinent part:
A. The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is:
(а) A nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has made no general appearance;....
The article states that the court “shall” appoint a curator to represent the defendant “on the petition or ex parte written motion of the plaintiff.” The language does not mandate the appointment of a curator (along with the required fees) when the defendant/spouse is an absentee. According to the Article and Notes under Article 5091 the court must have jurisdiction over the person or property of the defendant or over the status involved before it may appoint an attorney. An attorney may not be appointed when jurisdiction over the defendant is based on the Long Arm Statute, La.R.S. 13:3201 el seq, Ray v. South Central Bell Telephone Company, 315 So.2d 759 (La.1975). Because the court where the petition has been filed has jurisdiction over the status involved in divorce proceedings, a curator may always be appointed.
A plaintiff proceeding in forma pauperis is not required to pay a curator’s fee. La.C.C.P. art. 5181 et seq. declare the rights of indigents, but the articles do not include the appointment and payment of a curator to represent an indigent absentee spouse in a divorce proceeding. Mr. Warren claims that the present procedure which requires him to pay $350 for the curator deprives him and other Louisiana citizens of equal protection under the law.
The U.S. Supreme Court has held that due process is violated when an indigent cannot obtain a divorce due to the inability to pay fees and costs for service of process. Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). *867 The Supreme Court declared unconstitutional a state statute which requires the payment of fees and costs for service of process as it applied to a class of indigents seeking divorces. The Supreme Court said that due process requires that a person who is compelled to dissolve a marriage in a state court must be given a meaningful opportunity to be heard. No state interests are sufficient to override the interests of an indigent plaintiff to gain access to the only channel open to dissolve the marriage. If the state is unwilling to pay for service of process by a state sheriff, alternatives exist which include service by mail at the defendant’s last known address and posted notice (equally as effective as service by publication). Id.
Boddie declared that a state cannot exclude those seeking a divorce solely due to an inability to pay. When a court is the only place to obtain a divorce, the state cannot selectively refuse access to an individual who cannot pay the fees and costs of giving notice to a defendant. Id.
In Jones v. Jones, 297 So.2d 198 (La.1974) the Louisiana Supreme Court considered a request by a plaintiff (who had filed for divorce in forma pauperis) to appoint an attorney to represent the defendant/spouse who was a nonresident. Because the plaintiff could not pay attorney’s fees, the district court refused to sign the order for appointment of a curator. This Court affirmed the decision and the Supreme Court granted writs. Id.
Relying on Boddie v. Connecticut, 401 U.S. at 371, 91 S.Ct. at 780, the Jones court reversed. The court noted that La.C.C.P. art. 5185 had been amended in 1972 so that divorce and separation were no longer excluded from cases to be litigated in forma pauperis. Id. The Jones court considered C.C.P. art. 5096 which declares that the curator is to be paid a reasonable fee by the plaintiff, but states that the fee be taxed as costs of court. Indigents are not required to pay court costs. The Court held that Article 5096 did not apply to an indigent plaintiff/spouse because its application would deprive the spouse of due process rights to a judicial determination of the case. 297 So.2d at 198.
The Jones court declared that in 1974 the only statutory method to obtain jurisdiction and to serve an absent defendant was by appointment of an attorney for service of process under La.C.C.P. art. 5091. There was no alternative in Louisiana to satisfy federal constitutional due process notice requirements although other less costly procedures were available in other states. The Court held that payment of attorney fees could not be a condition precedent to the attorney’s appointment by the court in proceedings in forma pauperis. Id. However, the Supreme Court declared that it had no authority to require a trial court to appoint an attorney or to require the appointed attorney to represent the absent defendant when he/she would not be compensated. Id.
Procedurally, nothing has changed since Jones. Mr. Warren, an indigent plaintiff/spouse, cannot obtain service and a judgment against a nonresident defendant in a divorce proceeding unless he can pay for the services of a curator.
At the time of Jones the Long Arm Statute did not include Subsection B, which states that a court may exercise personal jurisdiction over a nonresident on any basis consistent with the Louisiana and U.S. Constitutions. The Official Comment-1987 states the broad import of the additional Subsection:
The addition of Subsection (B) to this statute ensures that the long arm process extends to the limits allowed by due process, while retaining a valuable list of specific examples of contacts sufficient to give rise to in personam jurisdiction.
At the time of Jones and Boddie, La. C.C.P. art. 5091 provided the only procedure to obtain jurisdiction over an absent spouse/defendant living outside the State. The U.S. Supreme Court in Boddie said that states could provide alternatives to personal/domiciliary service.
There is nothing in our statutes or jurisprudence which prohibits use of the Long Arm Statute in divorce proceedings. Use *868 of the Statute in a domestic case does not violate our traditional concept of fair play and substantial justice. If an absent defendant/spouse is served pursuant to La.R.S. 13:3201 and claims that the court does not have jurisdiction, that spouse has the right to challenge jurisdiction by an exception. Whether the defendant/spouse comes under R.S. 13:3201 and has minimal contacts with the state must be decided on a case by case basis. See generally Atkins, 588 So.2d at 407.
The trial court’s denial of Mr. Warren’s motion to dismiss the curator and to utilize the Long Arm Statute for service of process is reversed. The motion is granted and the matter remanded for further proceedings.
JUDGMENT REVERSED; MOTION GRANTED; REMANDED.

. Subsection B was added by 1987 Acts, No. 418.

. Although Atkins was rendered subsequent to the 1987 amendment adding Subsection B to La.R.S. 13:3201, there is no argument in the appeal that jurisdiction could be obtained under Subsection B.