WILLIAM A. CULPEPPER, Judge Pro Tem.
Plaintiff, Justyne Ruth Kurylas, proceeded by rule nisi against her former husband, Kenneth Maurice Cook, to secure a money judgment for past due child support. On the day of the hearing, defendant filed a declinatory exception to the court’s jurisdiction over the person.[1] The court sustained the exception and dismissed plaintiff’s suit. Plaintiff appealed.
*77 The parties were married on November 5, 1966 and established their matrimonial domicile in Lafayette Parish, Louisiana. One child, Kenneth Justin Cook, was born of the marriage on December 22, 1969. The parties separated and the defendant moved to Dallas, Texas, while the plaintiff remained in Louisiana.
The plaintiff filed a petition for legal separation on February 10,1975. An attorney was appointed to represent the absentee defendant and a separation judgment was granted in favor of the plaintiff on March 10, 1975.
On May 28, 1976, the plaintiff filed a petition for divorce and prayed for custody of the minor child and child support in the amount of $150.00 per month. William Lambert, who was appointed to represent the absentee defendant, filed a general denial on defendant’s behalf. Judgment was rendered in favor of the plaintiff, granting her a divorce, custody of the minor child, and $150.00 per month child support.
On February 7,1986, plaintiff filed a rule nisi seeking a judgment for past due child support payments. Defendant filed a decli-natory exception on May 5, 1986, asserting that while the Louisiana district court did have jurisdiction over the status to grant the divorce and award custody, it did not have jurisdiction over the person and thus could not render a money judgment for child support against him. After a hearing, at which defendant’s court-appointed attorney appeared, the court rendered judgment in favor of the defendant and dismissed plaintiff’s suit.
On appeal, the plaintiff asserts that the trial court erred in failing to find that the defendant subjected himself to the court’s personal jurisdiction during the divorce proceedings, thus making him liable for child support.
Plaintiff argues that defendant submitted to the jurisdiction of the court by allowing the court-appointed attorney to appear on his behalf and by acquiescing in the judgment of the court by making several child support payments. In support of her argument, plaintiff cites Chapa v. Chapa, 471 So.2d 986 (La.App. 1 Cir.1985), in which the court held that the alleged failure of a court-appointed attorney to comply with the instructions of a nonresident defendant in a divorce action did not provide a basis for setting aside an otherwise valid divorce judgment. Plaintiff contends that defendant’s complaint, which is that counsel violated his instructions by acquiescing in the judgment, could not be used as a basis for setting aside the judgment.
We believe that Chapa is inapplicable to this case. Jurisdiction was not an issue in that case, and nowhere did the court hold that appearance by a court-appointed attorney submits a nonresident absentee to personal jurisdiction in a Louisiana court.
Under the law at the time of the 1976 judgment,[2] a court could not render a personal judgment for child support against a party without first obtaining jurisdiction over the person. This jurisdiction was based on:
(1) The service of process on the defendant, or on his agent for the service of process;
(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; or
(3) The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.
La.C.C.P. art. 6.
Defendant did not, as plaintiff contends, submit to the jurisdiction of the court by allowing a court-appointed attorney to appear on his behalf. Under La.C.C.P. art. 10, subd. A., subparagraphs (5) and (7), the court had jurisdiction over the status necessary to grant the separation and divorce, and custody. However, the court did not have jurisdiction over the person and thus *78 could not render a judgment awarding child support.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiff-appellant.
AFFIRMED.

. The exception is nominated "over the subject matter,” but the allegations show it is "over the person.”

. LSA-R.S. 13:3201(6), the provision of the Longarm Statute which submits a nonresident formerly residing in this state who owes support to a child domiciled in this state to the jurisdiction of a Louisiana court, was enacted in 1977, the year after judgment was rendered in this case.