588 So.2d 407 (1991)
Linda Gail Sloan ATKINS, Plaintiff/Appellee,
v.
Sterling Oliver ATKINS, Jr., Defendant/Appellant.
No. 22908-CA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1991.
*408 Jones, Johnson & Fewell by Richard L. Fewell, Jr., Monroe, for plaintiff/appellee, Linda Gail Sloan Atkins.
Travis M. Holley & Associates by Travis M. Holley, Bastrop, for defendant/appellant, Sterling Oliver Atkins, Jr.
Before SEXTON, NORRIS and LINDSAY, JJ.
NORRIS, Judge.
Sterling Oliver Atkins appeals trial court judgments overruling his exception to jurisdiction and condemning him to pay alimony pendente lite and child support. Finding the trial court lacked personal jurisdiction over Mr. Atkins, we reverse the judgment overruling his declinatory exception, and reverse the portion of the second judgment awarding child support and alimony pendente lite to Linda Gail Sloan Atkins.

FACTS
The parties were married in Morehouse Parish on December 27, 1985. They immediately established their matrimonial domicile at Mr. Atkins's home in Hamburg, Arkansas, where they lived for approximately four and one-half years. The only child of the marriage, Lindsey Allene, was born at Morehouse General Hospital in Bastrop on December 28, 1989.
On August 14, 1990, Mrs. Atkins left Arkansas and reestablished her residence with her parents in Bastrop. Mr. Atkins remained in Arkansas. On August 28, Mrs. Atkins sued her husband for separation from bed and board, seeking sole custody of Lindsey, child support and alimony pendente lite. A rule was set for October 11, 1990 to decide the incidental matters. Mr. Atkins was served by certified mail on September 4, 1990, pursuant to La.R.S. 13:3201 (Louisiana Long Arm Statute).
On October 11, prior to the hearing, counsel for Mr. Atkins filed exceptions of lack of jurisdiction and lack of domicile, and lack of jurisdiction to adjudicate child custody and support, and then filed a motion to continue the rule hearing until the exceptions could be tried. Counsel also informed the court that Mr. Atkins's suit for divorce and custody was pending in Arkansas. The court denied the motion to continue and held a brief hearing on the exceptions.
In his first exception, Mr. Atkins argued that the court had no jurisdiction over the status of the marriage or over either party because neither was domiciled in Louisiana. After cross-examining Mrs. Atkins on the issue of her residency, counsel for Mr. Atkins conceded that she had established domicile in Louisiana sufficient to grant jurisdiction to try the separation. In his second exception which challenged the court's jurisdiction to adjudicate child custody and support, Mr. Atkins alleged that Arkansas, where he was domiciled and where his action was pending, had the closest connection with the litigants and was therefore the proper tribunal under La.R.S. 13:1702 (Uniform Child Custody Jurisdiction Act).
The trial court overruled both exceptions, and then proceeded to hear evidence from Mrs. Atkins pertaining to custody and support considerations, subsequently taking the matters of alimony pendente lite and child support under advisement. In oral reasons rendered in open court on October 15, 1990, the court granted sole custody of Lindsey to Mrs. Atkins and awarded her $300 per month for child support and $600 per month in alimony pendente lite, retroactive to the date of filing. This judgment was signed October 24, 1990. The written judgment dismissing the exceptions was signed on October 23, 1990. Both written judgments were filed October 25, 1990. On *409 November 8, Mr. Atkins took the instant appeal. The court entered a preliminary default judgment against Mr. Atkins on December 13, 1990; on December 14, he filed an answer to his wife's separation petition.
On appeal, Mr. Atkins does not contest Louisiana's subject matter jurisdiction over the separation and custody proceedings. He maintains, however, that the Louisiana court had no personal jurisdiction to render a money judgment against him for alimony pendente lite and child support.

DISCUSSION
There is a distinction between jurisdiction over status and jurisdiction over the person. La.C.C.P. arts. 6 and 10. A judgment for alimony or child support is a personal judgment and the court has legal authority and power to render such a judgment only if it has jurisdiction over the person of the party against whom the judgment is sought. Imperial v. Hardy, 302 So.2d 5 (La.1974); DeFatta v. DeFatta, 352 So.2d 287, 290 (La.App.2d Cir.1977). A court may have jurisdiction to render a divorce or custody decree but nevertheless lack personal jurisdiction over a party to impose a money judgment for alimony or child support. See Kurylas v. Cook, 511 So.2d 76 (La.App. 3d Cir.), writ denied 513 So.2d 289 (1989).
Personal jurisdiction may attach through compliance either with La.C.C.P. art. 6 or one of several statutory bases, including the Long Arm statute used in the instant proceeding. The pertinent portions of this statute read as follows:
§ 3201. Personal jurisdiction over nonresidents
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
* * * * * *
(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
* * * * * *
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States. La.R.S. 13:3201.
R.S. 13:3204 authorizes service by certified mail to a defendant over whom personal jurisdiction is obtained under 13:3201.
Mr. Atkins argues that service by certified mail was insufficient to confer personal jurisdiction on the court. R.S. 13:3201A(6) is inapplicable, he maintains, because Louisiana was never the matrimonial domicile. This statement is confirmed in Mrs. Atkins's petition. Mr. Atkins claims that subparagraph (7) is likewise inapplicable; since he and his wife lived in Arkansas from the time of their marriage until some six months after Lindsey's birth, the child was not conceived in Louisiana. Mrs. Atkins does not contest this argument.
As none of the statutory jurisdictional bases apply to Mr. Atkins, long arm jurisdiction would be proper only if there are minimum contacts between him and the Louisiana forum sufficient to satisfy federal and state constitutional requirements. R.S. 13:3201 B; Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). Once a defendant has raised the issue of personal jurisdiction through a declinatory exception, the plaintiff must prove that jurisdiction is proper. Swann v. Performance Contractors, Ltd., 271 So.2d 294, 297 (La.App. 3d Cir.1972), writ refused 273 So.2d 847 (1973). Whether a particular defendant has sufficient minimum contacts with Louisiana is to be determined from the facts and circumstances of each case. Drilling Engineering, Inc. v. Independent Indonesian American Petroleum Co., 283 So.2d 687 (La.1973). Mrs. Atkins argues *410 that minimum contacts are established in this case since the parties were married in Louisiana and their child was born here. However, all the other "factors" to which Mrs. Atkins refers establish the child's connections with Louisiana, not the father's. No evidence adduced at the hearing on the exceptions indicates any additional contacts which Mr. Atkins might have with this state. The record does not support a finding that Mr. Atkins has contacts with Louisiana sufficient to satisfy state and federal constitutional guidelines for the exercise of personal jurisdiction through the Long Arm statute.
Personal jurisdiction may also be obtained through La.C.C.P. art. 6, which reads:
Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
(1) The service of process on the defendant, or on his agent for the service of process;
(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; or
(3) The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.
The record is clear that process was not served personally on Mr. Atkins, or on his agent or an attorney ad hoc. However, Mrs. Atkins asserts that her husband waived his objections to the court's jurisdiction by cross-examining her at the hearing, and again later by filing an answer to her petition.
Waiver is governed by C.C.P. art. 7:
A. Except as otherwise provided in this Article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
* * * * * *
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
* * * * * *
C. When a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the ground that the court has no jurisdiction over him, the pleading of other objections therein, the filing of the dilatory and peremptory exceptions therewith, or the filing of an answer therewith when required by law, does not constitute a general appearance.
At the October 11 hearing, having denied Mr. Atkins's motion to continue, the court set aside a period of time to hear evidence and argument on the exceptions. During this portion of the hearing, counsel for Mr. Atkins questioned Mrs. Atkins solely on matters pertaining to domicile of the parties and jurisdiction of the court. After argument, the court overruled Mr. Atkins's exceptions and proceeded to try the merits of his wife's rule for custody, child support and alimony pendente lite. At this time, Mrs. Atkins was cross-examined on her testimony regarding the expenses she had presented to the court.
We find that Mr. Atkins did not submit to the court's jurisdiction by cross-examining Mrs. Atkins through his counsel under the facts of this case. First, we note the C.C.P. art. 929 requires that the declinatory exception be tried in advance of the trial of the case. The exception cannot be tried unless evidence is adduced. As counsel's questions were confined to jurisdictional facts, Mr. Atkins cannot be said to have waived his objection. After this hearing, the trial court orally overruled Mr. Atkins's exceptions. The rule regarding custody and support began immediately thereafter. Accordingly, Mr. Atkins had no choice but to defend the merits through cross-examination or other evidentiary means once his exceptions had been tried and overruled. See O'Reilly v. Prat's Travel Agency, Inc., 457 So.2d 24, 27 (La. *411 App. 4th Cir.), writ denied 461 So.2d 319 (1984), in which the court held that the defendant had not waived its exception of lack of personal jurisdiction by proceeding to trial when the trial judge had refused to decide the exception prior to trial and the defendant continued to reserve his right to except to jurisdiction.
Mrs. Atkins further argues that Mr. Atkins waived his objections to jurisdiction by filing an answer to her petition. We disagree. Mr. Atkins's answer was filed after his exception to jurisdiction had been overruled and after he had appealed that decision. Filing an answer subjects the defendant to the jurisdiction of the court unless he has first insisted on a decision on his exception to the jurisdiction over his person. Quickick, Inc. v. Quickick International, 304 So.2d 402, 406 (La. App. 1st Cir.), writ refused 305 So.2d 123 (1974) (emphasis added). The Louisiana Supreme Court has addressed this issue in a similar context, holding that after a defendant's exception to jurisdiction has been overruled, he cannot be required to forgo answering and defending the merits "in order to avail himself on later appellate review of a meritorious exception to the jurisdiction which had been erroneously overruled by the trial judge." Clay v. Clay, 389 So.2d 31, 38 (La.1979). Walker v. Walker, 157 So.2d 476 (La.App. 3d Cir. 1963), modified on other grounds 246 La. 407, 165 So.2d 5 (1964) is inapposite, as it finds that a non-resident defendant made a general appearance and waived his objections to jurisdiction by filing an answer before the rule on alimony pendente lite was heard. Under the circumstances of this case, Mr. Atkins did not waive his objections to jurisdiction by filing an answer.
We further find that Mr. Atkins did not waive his objections to the court's personal jurisdiction or make a general appearance by filing a motion to continue because this motion specifically requested the court to postpone the hearing on the merits until a date after the exceptions had been tried and ruled upon. See Trahant v. Ingram, 393 So.2d 901 (La.App. 4th Cir. 1981); Gulf South Research Institute v. Bramlet, 309 So.2d 409 (La.App. 3d Cir.), writ refused (not reported, 1970).
Mr. Atkins acknowledges that the court could have exercised quasi in rem jurisdiction under C.C.P. art. 9 had Mrs. Atkins sought to attach any property he might have in the state. Since she took no such action, quasi in rem jurisdiction is unavailable to support the money award granted in the appealed judgment.
For the reasons expressed, we find that the trial court was without personal jurisdiction over Mr. Atkins. We therefore reverse the judgment signed October 23, 1990 to the extent that it dismisses Mr. Atkins's exception to the court's personal jurisdiction, and reverse those portions of the judgment signed October 24, 1990 condemning Mr. Atkins to pay child support and alimony pendente lite. Costs of this appeal are assessed to Mrs. Atkins.
REVERSED IN PART.