JiPEATROSS, Judge.
Patricia Gibbs appeals the judgment of the trial court granting her husband Michael a divorce under La. C.C. art. 103. Patricia contends that the trial court improperly granted the divorce because she and Michael had not lived separate and apart for six months prior to the filing of the petition for divorce as required by art. 103. For the following reasons, we affirm the judgment of the trial court.
FACTS
' On July 9, 1996, Michael filed his petition seeking a judgment of divorce based on his having lived separate and apart from Patricia in excess 6 months at the time of the filing of the petition. Patricia reconvened for alimony pendente lite.
At trial on March 3,1997, Michael testified that he physically separated from his wife and moved to Dallas on July 24, 1995. Michael stated that, although initially the move was temporary to find work, after three or four months he resolved not to return to live with his wife. He returned to Shreveport for brief visits, the longest being 3 hours when he waxed the family car prior to his return with it to Dallas. According to Michael, he and Patricia did not live together or have sex *332 with each other after he moved to Dallas. He continued to live in Dallas until the time of the trial, but he had not worked since November 7,1995, due to an injury.
Patricia testified that she had no knowledge of her husband’s intention to live separate and apart for the purpose of divorce until she was served with the petition for divorce. She stated that Michael returned a few times for visits, and although she confirmed the absence of any conjugal relations, she said that Michael hugged her during some of those visits. By all accounts, the last contact that the couple had was in February 1996, when Michael obtained the family car for his use.
_|_2_Diane Allen, the Gibbs’ adult daughter, testified that she had no knowledge that her father intended to separate from her mother until the service of the divorce petition. She described her father’s visits with her and her mother as infrequent, brief and never overnight. She indicated she had no knowledge of her parents having any conjugal relations during this time, but she stated that she saw her parents hug during a few of the visits.
Joyce Bridwell testified that Michael had lived with her in Dallas since July 1995. To her knowledge he had not reconciled or lived with his wife since that time.
A neighbor, Mr. Wodke, also described Michael’s visits as infrequent, brief and never overnight. He also stated that Michael hugged Patricia on their parting during the “early 1996” visit in which he obtained the car.
The trial judge indicated in his ruling that he was “clearly convinced that they have been separated for the requisite length of time.” He granted the divorce and found the claim for alimony pendente lite to be moot.
DISCUSSION
La. C.C. art. 103 states in pertinent part:
Except in the case of a covenant marriage, a divorce shall be granted on the petition of a spouse upon proof that:
(1) The spouses have been living separate and apart continuously for a period of six months or more on the date the petition is filed....
The “living separate and apart” contemplated as a ground for divorce must be voluntary on the part of at least one of the parties and continuous for the period required. Adams v. Adams, 408 So.2d 1322 (La.1982). In discussing LSA-R.S. 9:301, the predecessor of art. 103, the Louisiana Supreme Court stated:
la -.. from the point in time that a party evidences an intention to terminate the marital association, when coupled with actual physical separation, the statutorily required separation period begins to run. And that is so regardless of the cause of the initial physical separation. Adams; su-prai
Patricia contends that she and Michael had not lived separate and apart for the required six months prior to the filing of the petition for divorce on July 9,. 1996. Michael testified that when he originally traveled to Dallas in July 1995 he did not intend to live separate and apart from Patricia, but his intentions changed in about the third or fourth month after his move to Dallas. As a result, Michael had the intention of living separate and apart from Patricia from at least December 1995.
Michael never resided in the matrimonial domicile after his move to Dallas. Both Patricia and Michael testified that his visits to the former matrimonial domicile were infrequent after the move to Dallas (no more than 4 — 5 visits) and that the duration of these visits was short (the longest being 3 hours). While Michael may have hugged Patricia during some of these visits, both parties testified that they did not engage in sexual intercourse with each other after Michael’s move to Dallas. In addition, although Michael did not work from November 7, 1995, the date of his injury, until March 3, 1997, the date of trial, he continued to live in Dallas with Ms. Bridwell.
We believe from the foregoing that the trial judge could reasonably have concluded that Michael had evidenced his intent to terminate the marital relationship. We are precluded from setting aside a trial court’s findings of fact unless those findings are clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La. *333 1989). We find no reason to overturn the trial court’s factual finding in the present case.
^CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.