722 So.2d 1165 (1998)
Doris Mennies RANDO, Plaintiff-Appellee,
v.
Charles Thomas RANDO, Defendant-Appellant.
No. 31,366-CA.
Court of Appeal of Louisiana, Second Circuit.
December 9, 1998.
Rehearing Denied January 14, 1999.
John Rettiger Herzog, Bruce Kevin Holland, Shreveport, for Appellant.
Jack H. Kaplan, Shreveport, for Appellee.
Before WILLIAMS, STEWART and CARAWAY, JJ.
CARAWAY, J.
In this divorce proceeding, the nonresident defendant claims a lack of notice and the violation of his due process rights regarding the trial court's award of a judgment for permanent alimony. Despite the appointment of an attorney to represent the nonresident, we find that service in accordance with Louisiana's long-arm statute was necessary for the exercise of personal jurisdiction over the defendant and that the violation of the long-arm service requirements, including a deficient citation, requires the reversal of the alimony judgment.

*1166 Facts

This suit for final divorce under La. C.C. art. 103 was filed by Doris Rando ("Doris") on February 20, 1996 against Charles Rando ("Charles"). The petition sought a divorce, an award for alimony pendente lite, child custody and support, permanent alimony after the divorce, and certain actions regarding the community property. Charles never filed a pleading or appeared at any hearing in this matter.
Doris and Charles were married in 1972 in New Jersey. The last matrimonial domicile of the parties was Bossier City, Louisiana; however, Charles was domiciled and living in New Jersey at the time the suit was filed. Because of his nonresidency, the petition stated that Charles should be served pursuant to the provisions of the long-arm statute, La. R.S. 13:3201 et seq., but additionally, that an attorney at law should be appointed to represent Charles in the proceedings.
Upon the filing of the petition, an order was contemporaneously obtained setting April 18, 1996 as the date for a hearing on Doris's request for a preliminary injunction, custody and alimony pendente lite. Service of the petition and the order was made on February 23, 1996 on the attorney appointed for Charles. An "answer" was filed by the curator attorney on March 20, 1996, stating that he had forwarded a copy of the petition and order to Charles in New Jersey by certified mail and had received a return receipt. The curator's "answer" neither admitted nor denied the allegations of the petition.
Prior to the hearing of April 18, Doris' attorney filed an "Affidavit of Service" which stated that service had been made upon Charles under the long-arm statute on March 1, 1996. On April 30, 1996, a judgment was rendered by the district court awarding custody, child support and alimony pendente lite.
After an extended period of time, Doris' attorney contacted the curator to set a court date for a hearing on the final divorce and permanent alimony. The date of January 29, 1998 was agreed upon. No order setting this matter for hearing was sent to Charles, and at the hearing on that date, Charles was not present. However, the curator was present and testified that he had sent a copy of all of the original pleadings and a letter of explanation to Charles at his New Jersey address. After testimony from Doris and another witness, a judgment was rendered granting a divorce between the parties and ordering Charles to pay permanent alimony to Doris in the sum of $4500 a month, retroactive to February 20,1996.
Charles now appeals the trial court's award of permanent alimony. He asserts that his due process rights were violated because of his lack of adequate notice of the proceedings.

Discussion
From the very beginning of this action, significant flaws in the process occurred which support Charles' claim for lack of notice and the violation of his due process rights. The record never reveals at any stage of the proceedings that service was properly made pursuant to the Louisiana long-arm statute. The original petition correctly alleges that Charles should be served under the long-arm statute. Early in the record, Charles' specific address in New Jersey is listed. On April 17, 1996, Doris' counsel attempted to file the requisite affidavit under La. R.S. 13:3205 showing that service by certified mail was accomplished. Nevertheless, the affidavit failed to attach the return receipt of the defendant and, of even greater significance, the record reveals that no citation was ever issued.
In Atkins v. Atkins, 588 So.2d 407 (La. App. 2d Cir.1991), this court discussed the jurisdiction necessary for the rendition of a money judgment for a support obligation against a nonresident. The court stated:
There is a distinction between jurisdiction over status and jurisdiction over the person. La. C.C.P. arts. 6 and 10. A judgment for alimony or child support is a personal judgment and the court has legal authority and power to render such a judgment only if it has jurisdiction over the person of the party against whom the judgment is sought. Imperial v. Hardy, 302 So.2d 5 (La.1974); DeFatta v. DeFatta, 352 So.2d 287, 290 (La.App. 2d Cir. 1977). A court may have jurisdiction to *1167 render a divorce or custody decree but nevertheless lack personal jurisdiction over a party to impose a money judgment for alimony or child support. See, Kurylas v. Cook, 511 So.2d 76 (La.App. 3d Cir.1987), writ denied 513 So.2d 289 (1987).
Personal jurisdiction may attach through compliance either with La. C.C.P. art. 6 or one of several statutory bases, including the Long Arm statute used in the instant proceeding.
Id. at 409.
In this case, unlike the nonresident spouse in Atkins, Charles had sufficient contact with Louisiana to establish the following ground as the basis for personal jurisdiction under La. R.S. 13:3201 A(6):
(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
Doris' claim for permanent alimony clearly falls within this provision, and personal jurisdiction could have been established in the court by the proper compliance with the long-arm statute.
The Louisiana long-arm statute was adopted to permit our courts to tap the full potential of in personam jurisdiction over nonresidents consistent with the due process clause of the fourteenth amendment. Clay v. Clay, 389 So.2d 31 (La.1979). "Just as personal jurisdiction over residents cannot be maintained without valid personal or domiciliary service as required by law, personal jurisdiction over nonresidents is fully dependent upon strict compliance with the longarm statute's procedural requirements." Id at 37. Accordingly, the jurisprudence has reviewed the information set forth in the record and the affidavit of service for longarm jurisdiction under La. R.S. 13:3205 requiring strict compliance. Clay, supra; Collier v. Fugler, 29,457 (La.App.2d Cir.5/7/97), 694 So.2d 553; Davis v. Tele-Total, Inc., 465 So.2d 948 (La.App. 2d Cir.1985). The record before us contains no citation and no evidence of the return receipt of the defendant showing his receipt of proper notice.
La. C.C.P. art. 1201 A provides, "Citation and service thereof are essential in all civil actions except summary and executory proceedings and divorce actions under Civil Code article 102. Without them all proceedings are absolutely null." In this action, Doris did not seek a divorce under the special procedure of La. C.C. art. 102. Instead, she sought an immediate divorce under La. C.C. art. 103(1) which is obtainable as an ordinary action requiring citation in a form which complies with La. C.C.P. art. 1202.
At the institution of this suit, in the place of a citation which would have alerted Charles to the requisite period under the long-arm statute for answering the suit as a nonresident, the clerk of court issued a document entitled "Rule to Show Cause" which commanded the attorney appointed as curator for Charles to appear at the hearing on April 18, 1996 regarding Doris' requests for a preliminary injunction, alimony pendente lite, custody of the minor children, child support and use of the matrimonial domicile and certain community property. Even if this notice had been mailed to Charles, as the attempted affidavit of long-arm service seems to suggest, such notice was not the equivalent of a citation. In accordance with La. C.C.P. art. 1202, Charles did not receive notice to comply with the demands of the suit or make an appearance under penalty of default. Accordingly, the judgment establishing permanent alimony is an absolute nullity.[1]
Finally, despite arguments by Doris to the contrary, the appointment of an attorney under La. C.C.P. art. 5091 likewise did not establish personal jurisdiction over Charles which would allow for the judgment of permanent alimony. Under the concept of jurisdiction over status, the appointment of an attorney is appropriate for the rendition of a judgment of divorce when the plaintiff spouse *1168 is a domiciliary of this state and the defendant is a nonresident. La. C.C.P. arts. 10(7) and 5091(A)(1). The appointed attorney shall use reasonable diligence to communicate with the defendant, to inform him of the pendency and nature of the action and to determine what defense, if any, the defendant may have. La. C.C.P. arts. 5094 and 5095. This satisfies procedural due process requirements for notice in a setting where no claim for a personal money judgment is made.
However, as indicated by the above quote in Atkins, supra, personal jurisdiction over the defendant to support a claim for alimony must be obtained by service under the longarm statute. See also, Ray v. South Central Bell, 315 So.2d 759 (La.1975). Under La. R.S. 13:3204(B), which was added to the longarm statute in 1995, only if service of process cannot be made on the nonresident by registered or certified mail or by actual delivery, may the appointment of an attorney under C.C.P. art. 5091 become appropriate.[2] In this case, with Charles' New Jersey address known by Doris, the appointment of an attorney under La. C.C.P. at. 5091 may not be substituted in place of the due process requirements embodied within the long-arm statute for notice and the obtaining of personal jurisdiction for the rendition of the judgment for permanent alimony.[3]

Conclusion
Because of non-compliance with Louisiana's long-arm statute, the defendant, Charles Rando, received inadequate notice of these proceedings in violation of his due process rights. The judgment insofar as it granted permanent alimony is reversed with costs of appeal assessed to appellee.
REVERSED IN PART, AFFIRMED IN PART.

APPLICATION FOR REHEARING
Before NORRIS, WILLIAMS, STEWART, CARAWAY and KOSTELKA, JJ.
Rehearing denied.
NOTES
[1] The judgment in this case was rendered without the filing of an answer by Charles or the curator or a general appearance by Charles. As such, it was the equivalent of an attempted default judgment which can be reversed as a nullity on direct appeal since the ground for nullity is apparent on the face of the record. See, Succession of Barron, 345 So.2d 995 (La.App. 2d Cir. 1977); Allen v. Allen, 477 So.2d 1135 (La.App. 5th Cir.1985).
[2] Even in such instance, if no basis for personal jurisdiction over the defendant exists because of a lack of minimum contacts with this state, the appointment of an attorney as a substitute for service under the long-arm statute may not be appropriate for the rendition of a personal judgment. Atkins, supra.
[3] With Charles' assignment of error limited to an attack on the trial court's judgment insofar as it awarded permanent alimony, we limit our ruling to the person of the judgment awarding permanent alimony. That portion of the judgment granting the divorce has not been contested by appellant and is now final.