| LARAWAY, J.
Defendant appeals the trial court’s rendition of a default judgment against it. Finding that the record is devoid of evidence of the sheriffs return for service of citation, we nullify the default judgment and remand.

Facts

In July 2000, Summit Construction, Inc. (“Summit”), as lessor, and Robinson Contracting and Equipment Rental, Inc. (“Robinson”), as lessee, entered into a lease of industrial facilities. Subsequently, in October 2004, Summit filed suit against Robinson alleging that the lease was terminated in September 2004, and that at the time of termination, Robinson owed Summit unpaid rent of $40,000, and equipment rentals of $15,000. The record reflects that the citation prepared by the Ouachita Parish Clerk of Court was to be served on Robinson through its agent, CT *685 Corporation System, located in East Baton Rouge Parish.
Summit also sought a writ of sequestration for equipment belonging to Robinson located on the leased premises and in the possession of Summit. On October 13, 2004, the same day the petition was filed, the trial court signed an order issuing a writ of sequestration. On October 14, 2004, the clerk of court directed the sheriff of Ouachita Parish to seize Robinson’s equipment. After the seizure, the sheriff prepared and filed a notice of seizure.
The citation and notice of seizure were both addressed to CT Corporation System, as agent for Robinson. Later, the notice of seizure was stamped and signed by a deputy sheriff in East Baton Rouge Parish | gindicating that “[u]pon receiving a certified copy of the within Process,” the deputy served a copy on CT Corporation System on November 1, 2004. However, there is no sheriffs return endorsement contained on the copy of the citation.
After entering a preliminary default on November 16, 2004, the trial court confirmed the default and signed a default judgment in favor of Summit on November 22, 2004. The judgment indicated that:
This cause came on this day to be heard upon confirmation of default after service and citation on the Defendant in the form and manner prescribed by law, and the legal delays for answering having expired, and the Defendant having failed to appear and answer, a preliminary default having been taken and entered, and two judicial days having elapsed since the entry of said default and the Defendant still having failed to appear and answer....
Robinson now appeals this default judgment.

Discussion

Although Robinson has assigned eight errors, we address only the assignment of error alleging the lack of service of citation.
The present action was an ordinary proceeding for the collection of unpaid rent. Attendant to this action, Summit instituted the special proceeding for sequestration. See La. C.C.P. art. 3571, et seq.
Citation is defined under La. C.C.P. art. 1202 as “[a] statement that the person cited must either comply with the demand contained in the petition or make an appearance, either by filing a pleading or otherwise, in the court issuing the citation within the delay provided in Article 1001 under penalty of default.” Citation and service thereof are essential in ordinary civil proceedings and without them all proceedings are absolutely | snull. La. C.C.P. art. 1201; Rando v. Rando, 31,366 (La.App.2d Cir.12/9/98), 722 So.2d 1165; Rivers v. Groth Corp., 95-2509 (La.App. 1st Cir.9/27/96), 680 So.2d 762; Succession of Barron, 345 So.2d 995 (La.App. 2d Cir.1977).
Louisiana Code of Civil Procedure Article 1292 provides the following with regard to service of process and the sheriffs return:
The sheriff shall endorse on a copy of the citation or other process the date, place, and method of service and sufficient other data to show service in compliance with law. He shall sign and return the copy promptly after the service to the clerk of court who issued it. The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct. The court, at any time and upon such terms as are just, may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.
*686 In this case, while a citation was issued by the clerk in Ouachita Parish, there is no endorsement on a copy of the citation by the sheriff of East Baton Rouge Parish showing return of service. The notice of seizure issued to CT Corporation System as the defendant’s agent recites which movables were seized pursuant to the writ of sequestration issued in Ouachita Parish. It therefore reflects the related sequestration proceeding, but does not give notice of the requisite period for answering the demands of the primary suit for unpaid rent. The stamped endorsement of the sheriff on the copy of the notice of seizure is evidence of its service but not service of citation. Without a sheriffs return endorsed on a copy of the citation in accordance with La. C.C.P. art. 1292, lack of any record of proof of service [4of citation renders the present default judgment a nullity. La. C.C.P. arts. 2002(A)(2) and 1201(A).
Accordingly, the default judgment is hereby reversed, and the case is remanded for further proceedings. Costs are assessed to appellee.
REVERSED AND REMANDED.
MOORE, J., concurs with written reasons.