973 So.2d 148 (2007)
Michael Wayne NELSON, Plaintiff-Appellee
v.
Marion Savain NELSON, Defendant-Appellant.
No. 42,697-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2007.
*149 Anita D. McKeithen, Shreveport, for Appellant.
Michael Wayne Nelson, In Proper Person.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
CARAWAY, J.
This case involves a divorce action pursuant to Civil Code Article 103. The wife appeals the trial court's refusal to grant her a continuance of the divorce trial date to allow her to obtain evidence showing that insufficient time had elapsed from the date of the parties' separation to the filing of the divorce petition. As a result of the trial, and after the trial court's further review of the wife's arguments in her motion for new trial, the trial court granted a divorce based upon the husband's testimony regarding the parties' date of separation, *150 For the following reasons, we affirm the trial court's ruling.

Facts
On April 12, 2006, Michael Nelson instituted divorce proceedings against Marion, his wife or five years. The divorce was sought pursuant to La. C.C. arts. 103 and 103.1(1)(a) which require one-hundredeighty days of living separate and apart prior to the Ming of the petition. In his petition Michael alleged that in. August 2005, upon the couple's evacuation from New Orleans due to Hurricane Katrina, they established a temporary matrimonial domicile in Shreveport. He further contended that on or about October 7, 2005, Marion moved out of their Shreveport home and back to the New Orleans area.
In her answer filed in July 2005, Marion alleged that the two did not separate until November 2005. However, she agreed with paragraph V of Michael's petition, which alleged his entitlement to an Absolute divorce from Marion. Likewise, in the final paragraph of her answer, Marion requested that the divorce be denied only until community property issues were addressed.[1] Both parties filed all pleadings in proper person and were unrepresented by counsel.
On September 1, 2006, upon oral motion of Michael on August 16, 2006,[2] the trial court issued an order setting the case for trial on September 13, 2006. The order was filed in the record on September 7, 2006. A letter from the Caddo Parish Clerk of Court to Marion, dated and filed into the record on September 5, 2006, notified her of the impending court date. Marion concedes to receipt of the letter in, her. New Orleans residence on September 8, 2006. She also appeared for the trial which occurred on the scheduled date of September 13, 2006.
At the trial, both parties (still unrepresented by counsel) answered questions from the court. Michael testified that the two separated on October 7, 2005. Marion contested this fact, urging that she did not leave the matrimonial domicile in Shreveport until November 13, 2005, only five months prior to the filing of suit. Marion also maintained that because of the short notice of trial, she did not have enough time to obtain cell phone records and store receipts which she contended would show the parties separated in November. The trial court accepted Michael's testimony that the parties separated on October 7, 2005 and granted a divorce to the parties.
Shortly after trial, Marion obtained counsel. On September 18, 2005, counsel submitted a Motion for New Trial on behalf of Marion urging that Marion should have been granted a continuance due to inadequate notice and the inability of her counsel to be present at the trial. Counsel *151 also argued that the trial court erred in accepting only Michael's testimony regarding the date of the parties' separation. The trial judge summarily denied the motion for new trial on January 23, 2007.
On January 26, 2007, counsel filed a Request for Reconsideration of Motion for a New Trial. The court heard arguments on the motion on February 21, 2007, and denied the motion on March 16, 2007. This appeal ensued.
On appeal, Marion argues that the trial court erred in denying her motion for new trial. She also claims her entitlement to a continuance of the trial date which would have allowed her to obtain evidence to refute that she and Michael had been physically separated for six months,

Discussion
La. C.C. art. 103 provides for divorce in pertinent part as follows:
Except in the case of a covenant marriage, a divorce shall be granted on the petition of a spouse upon proof that:
(1) The spouses have been living separate and apart continuously for the requisite period of time, in accordance with Article 103.1, or more on the date the petition is filed.
La. C.C. art. 103.1 provides the time periods required" for the granting of a divorce as follows:
The requisite periods of time, in accordance with Articles 102 and 103 shall be as follows:
(1) One hundred eighty days:
(a) Where there are no minor children of the marriage.
The immediate divorce under La. C.C. art. 103 is obtainable as an ordinary action requiring appropriate citation. Rando v. Rando, 31,366 (La.App.2d Cir.12/9/98), 722 So.2d 1165.
The living separate and apart contemplated as a ground for divorce under La. C.C. art. 103 must be voluntary on the part of at least one of the parties and continuous for the period required. Gibbs v. Gibbs, 30,367 (La.App.2d Cir.4/8/98), 711 So.2d 331. From the point in time that a party evidences an intent to terminate the marital association, when coupled with actual physical separation, the statutorily required separation period begins to run. And that is so regardless of the cause of the initial physical separation. Id.
Due process at a minimum requires deprivation of life, liberty or property be preceded by notice and an opportunity to be heard at a meaningful time. Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); Patrick v. Patrick, 227 So.2d 162 (La.App. 2d Cir. 1969), writ refused, 255 La. 238, 230 So.2d 91 (1970); Zachary Taylor Post No. 3784 v. Riley, 481 So.2d 699 (La.App. 1st Cir. 1985). The notice given must be reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection. Armstrong, supra.
La. C.C.P. art. 1571 requires district courts to prescribe the procedure for assigning cases such that all parties receive adequate notice of trial. The First Judicial District Court Family Law Divisions Rules provide for the assignment of trial for divorce cases under La. C.C. arts. 102 and 103 as follows:
TRIALS ON THE MERITS AND C.C. 102 DIVORCE RULE TO SHOW CAUSE HEARINGS
1. Trials on the merits and rule to show cause hearings for a divorce under C.C. 102 shall be fixed for trial on Thursday, or on another date at the discretion of the judge to whom the case is assigned. No case shall be placed on *152 the docket for trial except by written order of the court granted upon written motion by a party. Said motion (similar to that attached and identified as Exhibit C) shall be signed by the attorney for the mover, who shall certify that counsel for all parties have conferred to determine if the case is ready for trial on its merits, the available trial dates, and if counsel have agreed on the trial date selected. If counsel are unable to agree on a trial date, the judge will fix the trial date after consultation with all counsel. No conference is required with any party appearing in proper person.
* * * * * *
3. Whenever motion is made to fix a case for trial, the judge may call a pretrial conference on a date and at a time to be set by him, upon reasonable notice by the judge to all counsel of record. After the pre-trial conference is concluded, the judge may then set the case for trial. If the judge in his discretion believes a pre-trial conference is unnecessary or inadvisable, he may set the case for trial without a pre-trial conference.
4. Trials shall be fixed at least two (2) weeks in advance. Subject to the judge's discretion, a trial may be fixed as far in advance as counsel may agree. Cases shall be docketed for trial during the Monday motion hour. Cases will be docketed and heard in the order that they are fixed for trial.
5. The clerk shall prepare a regular trial docket for those cases fixed two weeks in advance and an advance trial docket for those cases fixed three weeks in advance. The clerk shall keep a docket showing the date on which cases are assigned for trial, the docket number and title, and the names of all counsel engaged therein. The regular trial docket and the advance trial docket shall be published by the clerk of court.
6. In any matter in which a litigant is not represented by an attorney of record, notice of the trial date shall be mailed by the clerk of court to the litigant to his address as shown by the record.
Regarding deviation from the local rules enacted for district courts, La. Dist. Ct. R. 1.4 reads as follows:
An individual judge may, in the interest of justice and upon notice to all parties, permit deviations from these rules in a particular proceeding. Any such deviation shall be noted on the record in open court in the presence of all parties or by written order filed into the record of the proceedings and mailed to all parties or their counsel of record.
Trial courts are vested with authority to grant new trials on either peremptory or discretionary grounds as follows:
Art.1972. Peremptory grounds
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
Art.1973. Discretionary grounds
A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.
The standard of review of a denial of a motion for new trial on discretionary grounds is that of abuse of discretion. Drapcho Drapcho, XXXX-XXXX (La.App. *153 1st Cir.2/10/06), 928 So.2d 559, writ denied, XXXX-XXXX (La.5/5/06), 927 So.2d 324; Smith v. Alliance Compressors, 2005-855 (La.App. 3d Cir.2/1/06), 922 So.2d 674.
The determination of how long parties have lived separate and apart is based upon factual issues depending upon the credibility of witnesses. Such factual and credibility determinations are entitled to great weight and will not be reversed on appeal absent a showing of abuse of discretion. See Barnes v. Le Blanc, 207 La. 989, 22 So.2d 404 (1945); Bishop v. Bishop, 98-59 (La.App. 5th Cir.5/27/98), 712. So.2d 697.
Initially, we note that the rules of court of the First Judicial District Court were not followed in setting the trial. The case was docketed in less than two weeks from the issuance of the order fixing the trial date. Such fixing was not the product of a written motion, which itself would afford additional notice to the defendant pursuant to La. C.C.P. art. 1313. The clerk's mailing of the notice of trial and Marion's receipt of such notice occurred within the last week before trial. Due process as articulated by the court's own rules barely survived, being saved only by Marion's appearance at trial. Nevertheless, while we do not condone the process for fixing of trial in this case, the trial court more than accommodated Marion's concerns by its additional review of her claims and evidence offered in support of her motion for a new trial.
In her argument for new trial, Marion explained to the trial court that she was unable to produce phone records showing that Michael made a phone call to his girlfriend while he and Marion were at a Home Depot in New Orleans in late October or early November. Further, she argued that she was precluded from presenting other text messages sent to her from Michael on or near November 13, 2005 regarding the location of his wedding ring. Also attached to her motion for new trial were receipts from various Shreveport retail locations, dated from October 13, 2005 through November 12, 2005, which she argued proved that she and Michael were not separated until November 13, 2005.
The transcripts of both the trial and the hearing on the motion for new trial reflect that the trial court heard and considered Marion's testimony regarding all of these matters although all documentation of these events was not introduced into evidence. Specifically from their original trial testimony, the court accepted Marion's testimony that the Home Depot event occurred and that Michael sent Marion a text message regarding his ring on November 13, 2005. Likewise, at the hearing on Marion's request for a new trial, the court, addressed the receipts submitted in support of the new trial. The court determined, however, that none of these events served to clearly demonstrate whether Marion was living with Michael or was physically separated from him. Michael undisputedly resided in Shreveport in October and November. Therefore, the parties' activities in New Orleans and certain communications between them do not seriously contradict Michael's testimony, accepted by the trial court, that their relationship ended by separation in early October. Accordingly, the entirety of the trial and new trial proceedings reflect that due process was afforded Marion, and her defense, having been duly considered, could be rejected by the trial court.
Finally, we also note that while the Article 102 divorce is deemed to be an absolute nullity under La. C.C.P. art. 3953 when less than one-hundred-eighty days of the parties' separation have elapsed at the time of the initiation of the action, we find no similar rule for the Article 103 divorce *154 filed prematurely. Prematurity is dealt with generally as a dilatory exception and can be waived. La. C.C.P. art. 926. By the time of the trial in September 2006, Marion acknowledged that the parties had been living separate and apart for ten months. There is no argument now made by Marion that she was prejudiced, even if Michael's petition was premature; nor does she articulate an important policy of our family law that requires the view that an absolute nullity results from a premature action for the Article 103 divorce.

Conclusion
In summary, finding no prejudice to Marion in the conduct of the overall proceedings, including the new trial hearing, and no substantial evidence disputing Michael's testimony of the parties' separation date, we affirm the trial court's judgment of divorce. Costs `of appeal are assessed to appellant.
AFFIRMED.
NOTES
[1] After Marion's answer on August 1, 2006, Michael filed a form document which purports to be an affidavit for a defendant accepting service and waiving formal citation. The form document was captioned "Affidavit of Acceptance of Service and Waiver of Rights in Civil Code 103(1) Divorce Proceeding Pursuant to Code of Civil Procedure, and Answer and Consent to Set for Trial Without Further Notice." This may have been intended to relate to Marion's separate petition for the "division of community property" which she also filed at the time of her answer to the petition for divorce. However, the document literally shows that Michael inappropriately attempts to waive citation and service of process and answer his own divorce petition. Accordingly, we credit this pleading only as it relates to Marion's separate demand regarding the ancillary issue of community property. Moreover, the parties raised no issue regarding the effect of this service document at any time during the proceedings.
[2] The hearing on August 16 apparently pertained to Michael's attempted confirmation of default which was aborted upon the court's discovery of Marion's answer.