GASKINS, J.
hThe Louisiana Department of Social Services (DSS) filed a rule to show cause why the defendant, Roger Pickins, should not be held in contempt for failure to pay child support for his minor child, Q.Q.A. The trial court held that the default judgment finding the defendant to be the father of Q.Q.A. and ordering him to pay child support, was null. Accordingly, the trial court denied the motion by the DSS to hold the defendant in contempt for failure to pay child support. The DSS appealed. For .the following reasons, we affirm the trial court judgment and remand for further proceedings.
FACTS. AND PROCEDURAL HISTORY
In February 1997, the DSS filed a petition against the defendant for determina *1226 tion of paternity and to establish child support. The petition claimed that Angela Allums had a relationship with the defendant and it was suspected that the defendant was the father of T.M.A., born September 22, 1994. In October 1999, an amending and supplemental petition was filed urging that the defendant was also the father of Angela Allums’ other child, Q.Q.A., born January 16, 1998. On December 23, 1999, a default judgment was entered against the defendant.[1] In March 2000, a joint motion and order was entered for paternity testing of the mother, the children, and the defendant. The results of the paternity test showed that the defendant was not the father of T.M.A., but that there was a 99.97 percent probability that he was the father of Q.Q.A.
hOn November 28, 2000, the DSS filed a motion and order of dismissal setting forth that it was appearing on behalf of the minor children T.M.A. and Q.Q.A. The DSS pled as follows:
That Plaintiff no longer desires to pursue this matter and that mover desires to dismiss this cause without prejudice because the defendant, ROGER PIC-KINS, has been excluded through paternity blood testing as the natural father of the minor child, [T.M.A.]
WHEREFORE, PETITIONER MOVES that the above-entitled cause be dismissed without prejudice. [Emphasis original.]
On December 6, 2000, the district court hearing officer signed an order of dismissal ordering that the “above-entitled cause be and is hereby dismissed without prejudice.” The defendant was mailed notice of the dismissal.
The DSS then realized that it erred in dismissing the entire matter. Rather, it should have dismissed the case only as to T.M.A. On December 18, 2000, the DSS filed an amended motion and order for dismissal stating:
That on November 28, 2000 the State filed a motion and order for dismissal based on the results of DNA testing. The order was signed on December 6, 2000 dismissing the action. 'However, the dismissal pertained only to the minor child, [T.M.A.] The defendant was not excluded as the father of the minor child, [Q.Q.A.]
That the dismissal be amended to the extent that it applies only to the minor child, [T.M.A.]
The hearing officer signed the amended motion and order for dismissal, specifying that the action for paternity and support for the minor child, Q.Q.A., remained open. The amended motion and order for dismissal was not served on the defendant.
UThe DSS proceeded to confirm a default judgment against the defendant. The DSS established the defendant’s obligation to support Q.Q.A. The hearing officer found that the defendant was the' father of Q.Q.A. and recommended to the trial court that he pay $244.63 per month in child support effective February 2001. On February 8, 2001, the trial court signed a judgment adopting the findings of fact and recommendations of the hearing officer.
In October 2006, the DSS filed a rule to show cause why the defendant should not be held in contempt of court for failure to pay child support and to set the amount of the arrearage. The DSS contended that the defendant was in arrears for child support and administrative costs in the amount of $18,405.17.
*1227 The defendant was represented by counsel at the rule to show cause hearing. He argued that the DSS never had a valid judgment for support. According to the defendant, the error in the original order of dismissal could not be corrected with an amended order for dismissal. Therefore, the defendant contends that the entire matter was dismissed and there was no valid order of support against the defendant for Q.Q.A.
The trial court ruled in favor of the defendant. The court reasoned that the order dismissing the entire suit was a substantive ruling which could not be corrected by the amending dismissal and recognized that the defendant was not served with the amended order of dismissal.[2] The court noted that the DSS was required to refile the suit on behalf of Q.Q.A. in order to collect 14child support for her. Therefore, the trial court found that the confirmation of default judgment ordering the defendant to pay child support was not a valid judgment and could not serve as the basis for a contempt judgment. The trial court dismissed the rule for contempt, without prejudice.
The DSS filed a motion for new trial claiming that the trial court’s decision was contrary to the law and evidence. The trial court denied the motion and the DSS appealed.
VALIDITY OF DISMISSALS
On appeal, the DSS argues that the original dismissal and the amended dismissal were without effect because they were signed only by the hearing officer and not by the trial court judge. The DSS cites La. R.S. 46:236.5 which states that the hearing officer shall act as the finder of fact and shall make written recommendations to the court. The DSS contends that hearing officers do not have authority to sign or issue judgments or make final determinations in proceedings. They can only make recommendations to the district court judge, who then has the authority to sign an order or judgment. The DSS notes that the hearing officer never made a recommendation to the court for dismissal and no valid order of dismissal was ever entered in this case by the trial court. Therefore, the DSS urges that the dismissals were not valid. Because the dismissals were without effect, the DSS urges that the original petition against the defendant for paternity and child support remained viable and served as the valid basis for the confirmation of default and for the rule for contempt.
IfiLa. R.S. 46:236.5 governs the authority of hearing officers to act in paternity and support matters. The statute specifies that the hearing officer shall make written recommendations to the trial court setting forth the pleadings, findings of fact, findings of law, and a proposed judgment. If the parties object to the written recommendation, the objections will be heard by the judge of the district court to whom the case is assigned. If no written objection is filed within the applicable time limit, the order becomes the final judgment of the court, is signed by the judge, and becomes an appealable final judgment.
This statute is implemented in the First Judicial District Court through the local court rules. Neither the statute nor the local rules give the hearing officer the authority to sign any judgment including a dismissal. The hearing officer is given *1228 authority simply to hear a matter, make findings of fact, and then submit written recommendations to the trial court. Actual judgments are to be signed by the trial court. Therefore, the hearing officer in this matter did not have the authority to dismiss the original action or to sign the amended dismissal which sought to resurrect the pleading by the DSS to establish the defendant’s paternity of Q.Q.A. and to set child support.
However, as will be discussed below, we find that the deficiencies in service of process render void the preliminary default and confirmation of default. Accordingly, for reasons other than those found by the trial court, the initial judgment obtained through a flawed procedure for confirmation of default is set aside.
| ^SERVICE OF PROCESS
At the contempt hearing, the defendant was present and was represented by court-appointed counsel.[3] In arguing that the default judgment was null, defense counsel pointed out that the defendant was not served with notice of the amended' motion and order of dismissal which purported to resurrect the proceedings against the defendant for paternity of and child support for Q.Q.A. Our examination of the record reveals numerous flaws in service of process which render the confirmation of default null.
La. C.C.P. art. 1201 provides, in pertinent part:
A. Citation and service thereof are. essential in all civil actions except summary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children’s Code. Without them all proceedings are absolutely null.
La. C.C.P. art. 1312 specifies that, except in limited, specified instances, every pleading subsequent to the original petition shall be served on the adverse party by mail, delivery, or facsimile.
La. C.C.P. art. 1701 provides, in relevant part:
A. If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.
La. C.C.P. art. 1702 specifies, in pertinent part:
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is 17filed timely, this confirmation may be made after two days, exclusive of holidays,, from the entry of the judgment of default. When a judgment of default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the judgment of default must be sent by certified mail by the party obtaining the judgment of default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the judgment of default.
La. C.C.P. art. 2002 provides, in relevant part:
*1229 A. A final judgment shall be annulled if it is rendered:
[[Image here]]
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
[[Image here]]
B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.
In the present case, at the contempt hearing, the trial court stated that the defendant was personally served with the original petition and amended petition on November 17, 1999. However, in the record, there is no showing that the defendant received citation and service of these documents. A default judgment was entered against the defendant on December 23, 1999. Without service of process, the default was invalid.
Thereafter, the defendant joined in a motion and order for blood testing. If this was an appearance of record, the defendant would be entitled to notice before confirmation of default under La. C.C.P. art. 1702. On March 29, 2000, he was served with the results of the blood tests showing | sthat he was the father of Q.Q.A., but not T.M.A. On December 6, 2000, the hearing officer signed the purported dismissal of the entire matter and the defendant was served with the notice of the dismissal. The defendant was not served with the amended motion and order of dismissal or the setting of the hearing for confirmation of default in 2001. At the time of the hearing in which the hearing officer determined that the defendant was the father of Q.Q.A., and recommended that he pay child support, the defendant had no notice that any proceedings in this matter were still ongoing.
An attempted default judgment can be reversed as a nullity on direct appeal where the ground for the nullity is apparent on the face of the record. See Rando v. Rando, 31,366 (La.App.2d Cir.12/9/98), 722 So.2d 1165. Where there is no proof of service of citation, the default judgment is an absolute nullity under La. C.C.P. art. 2002(A)(2). Summit Construction, Inc. v. Robinson Contracting and Equipment Rental, Inc., 40,029 (La.App.2d Cir.8/17/05), 909 So.2d 684; Mitchell v. Bass, 2001-2217 (La.App. 1st Cir.11/8/02), 835 So.2d 778. Even if the original pleading in this case had been served on the defendant, under the facts presented here, where the defendant was served with what purported to be a complete dismissal of the proceedings and then was not served with any notice of the filing of the purported amended motion and order for dismissal, the confirmation of default was irrevocably tainted. This is similar to the situation in Meshell v. Russell, 589 So.2d 86 (La.App. 2d Cir.1991), in which a motion to transfer a proceeding to another parish was not served on the defendant. This court 19found that, due to that failure, the subsequent default judgment was tainted and required reversal.
Based upon the numerous procedural flaws in this case, we affirm the finding of the trial court that the default judgment of February 8, 2001, was null and could not serve as the basis for the rule for contempt brought by the DSS.[4] We disagree, however, with the trial court’s reasons, and find *1230 that the original and amended petitions remain viable and subject to further proceedings in the trial court.
CONCLUSION
For the reasons stated above, we affirm the decision of the trial court, dismissing the contempt proceeding filed by the DSS against the defendant, Roger Pickins.
AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS.

. As will be discussed below, the default was confirmed at a later date.

. We make no finding as to whether this amended motion could have been considered as a motion for new trial since it was filed outside the time limit for such a motion.

. The defendant is unrepresented on appeal and has not filed a brief.

. In the alternative, the DSS argues that it clearly intended to dismiss only those claims *1230 regarding the defendant’s obligation to support T.M.A. The DSS urges that the pleading should be read and construed to dismiss the action only as to T.M.A. The DSS argues that this court is required to look through the caption, style, and form of the motion for dismissal and to do substantial justice. Because we find that the entire proceeding was fatally flawed, we do not reach this argument.